# Richmond.

## CRAIG V. CRAIG.

### January 15, 1914.

1. APPEAL AND ERROR—*Divorce—Counsel Fees.*—On an appeal from a decree dismissing a bill for divorce, and also dismissing a cross-bill of the wife for alimony, this court, on affirming the decree, will not pass on an application for the allowance of counsel fees for services rendered the appellee in this court, but will remand the cause, with leave to counsel for the appellee to prosecute their claim for compensation before the trial court, which is in a better position than this court to inquire into and do what is right and just between the parties in the first instance, with the right of appeal to this court if a proper case shall be made for its exercise.

Appeal from a decree of the Law and Equity Court of the city of Richmond. Decree for defendant. Complainant appeals.

*Affirmed.*

The opinion states the case.

*S. S. P. Patteson,* for the appellant.

*Smith & Gordon* and *James F. Minor,* for the appellee.

KEITH, P., delivered the opinion of the court.

The appellant filed his bill in this case, asking for a divorce from his wife upon the ground of adultery. He makes the person with whom she is alleged to have been guilty of the offense a party defendant as co-respondent. The wife filed an answer, which, she asks, may be treated as a cross-bill, in which she charges the husband with not furnishing her with means of support and with abandonment and cruelty, and asks that permanent alimony be

awarded her for the support of herself and her child. The husband answered this cross-bill and put in issue the charges which it contains; and upon the issues made by the pleadings numerous depositions were taken, and the case came on to be heard before the law and equity court of the city of Richmond. That court being of opinion "that the evidence is not sufficient to sustain the charge of adultery against the defendant in the plaintiff's bill, it is adjudged, ordered and decreed that the plaintiff's bill be, and the same is hereby, dismissed. And the court being further of opinion that the evidence is insufficient to enable the court to pass upon the issues raised by the cross-bill filed by the defendant and the answer of plaintiff thereto, and that therefore the allegations in the cross-bill have not been proved so as to entitle the defendant to affirmative relief thereon, it is ordered that the cross-bill of the defendant be dismissed."

From that decree an appeal was allowed to this court.

The evidence is not of a character that we care to discuss. No good purpose would be subserved by its discussion, and we shall, therefore, content ourselves with saying that, after careful consideration of the evidence, we are of opinion that there is no error in the decree of the law and equity court.

Counsel for appellee have asked that an allowance for counsel fees be made for services rendered in this court. This we decline to do, being of opinion that the trial court is in a better position to inquire into and do what is right and just between the parties in the first instance than this court. We shall, therefore, affirm the decree and remand the cause, but with leave to counsel for appellee to prosecute their claim for compensation before the law and equity court in the first instance, with the right of appeal to this court if a proper case shall be made for its exercise.

*Affirmed.*