COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Fitzpatrick and Annunziata
Argued at Alexandria, Virginia


ELAYNE (LOWE) O'LOUGHLIN
                                            OPINION BY
v.        Record No. 0984-96-4     JUDGE JOHANNA L. FITZPATRICK
                                          DECEMBER 31, 1996
WILMOT F. O'LOUGHLIN


              FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                      Thomas S. Kenny, Judge

            (Ann W. Mische; Paula W. Rank; Byrd, Mische,
            Bevis, Bowen & Joseph, P.C., on brief), for
            appellant.

            Peter M. Fitzner (Shoun & Bach, P.C., on brief),
            for appellee.


     The sole issue in this appeal is whether, absent an order

from the Court of Appeals specifically remanding the issue of

attorney's fees incurred on appeal, a trial court has

jurisdiction to award such fees.  We hold that a specific remand

for attorney's fees is required and affirm the judgment of the

trial court.

     In a prior appeal, O'Loughlin v. O'Loughlin, 20 Va. App.

522, 458 S.E.2d 323 (1995), we affirmed the trial court's

equitable distribution rulings set out in a final decree of

divorce entered August 15, 1994.  No award of or reference to

attorney's fees was included in the remand order.  Following the

resolution of the appeal, the Clerk of the Court of Appeals

mailed to the parties an order affirming the trial court's ruling

and included an itemized statement of costs for the appeal.

Appellant subsequently filed a motion in the trial court for an award of attorney's fees and costs she had expended in the appeal.  On March 29, 1996, the trial court denied the motion on the ground that the court did not "have jurisdiction to do what [counsel is] asking . . . . [T]he issue of determination of counsel fees has not been remanded to the trial court for determination."

On appeal, appellant contends that the trial court erred in finding that, absent language of a specific mandate remanding the issue to the trial court, the court lacked subject matter jurisdiction to award attorney's fees incurred in an appeal.[1]

---

[1]Appellant also argues that the trial court further erred in ruling that Code § 20-99 applies only to fees incurred in connection with support matters.  This mischaracterizes the finding of the trial court, stated as follows:

> But the concept of attorney's fees has always been tied basically to the issue of support for the party needing it.  It's got to be -- it's not just a matter of being a penalty for losing.  It's got to be a -- it's got to be some kind of sense of need for support.
>
> *    *    *    *    *    *    *
>
> [I]n any other contract dispute or automobile accident case, attorney's fees are not awarded unless there is some contractual provision or statutory basis for it.
>
> And I don't think that the statutory bases that you've pointed out to me is enough to justify departing from the standard rule of support as the determinant in the award of attorney's fees.  Accordingly, if I had jurisdiction I would deny the motion and I'll leave it at that.

2

This Court's order disposing of the appeal stated as follows:

> For reasons stated in writing and filed with the record, the Court is of opinion that there is no error in the judgment appealed from. Accordingly, the judgment is affirmed. The appellant shall pay to the appellee damages according to law.
>
> This order shall be certified to the trial court.

The Clerk's itemized statement of costs provided:

> [A]ppellee shall recover from the appellant <u>costs</u> in this case as follows: Attorney's fee: (Code § 14.1-196) $50.00 [and] Appellee's brief: (Code § 14.1-182) $60.12.[2]

---

(Emphasis added).

[2] Code § 14.1-196 provides, in pertinent part:

> The clerk of the court wherein any party recovers <u>costs</u> shall tax the same. He shall include therein for the fee of such party's attorney, if he has one:
>
>     *    *    *    *    *    *    *
>
> (2a) In the Court of Appeals . . . $50.00 . . . .

Code § 14.1-182 provides, in pertinent part:

> Any party in whose favor <u>costs</u> are allowed in the Supreme Court shall have taxed as part of the <u>costs</u> the actual cost incurred by him in printing or otherwise any brief filed with the Court, not to exceed $200 for all briefs filed and the actual cost incurred by him in printing or otherwise reproducing the appendix containing parts of the record filed with the Court . . . .

(Emphasis added).

> Taxing of costs in this proceeding is
> <u>not to be considered a determination of an
> award of attorney's fees</u> or other costs for
> services rendered or expenditures made in
> connection with this appeal to which any
> party <u>may</u> be entitled in an award by the
> trial court under the provisions of Code
> §§ 20-99 and 20-103.

(Emphasis added).[3]

The term "costs" is defined as "[a] pecuniary allowance, made to the successful party (and recoverable from the losing party), for his expenses in prosecuting or defending an action or a distinct proceeding within an action. Generally, 'costs' <u>do not include</u> attorney fees <u>unless such fees are by a statute denominated costs or are by statute allowed to be recovered as costs in the case.</u>" <u>Black's Law Dictionary</u> 312 (5th ed. 1979) (emphasis added). The attorney's fee contemplated by Code § 14.1-196 is a statutorily mandated "cost." The Clerk's itemized statement of costs clearly directs that "[t]axing of costs in this proceeding is <u>not to be considered a determination of an award of attorney's fees</u>" and the Clerk's statement of costs does not authorize a trial court to award <u>sua</u> <u>sponte</u> attorney's fees incurred in the appeal.

Additionally, appellant contends that no specific remand is required because Code § 20-99 gives the trial court authority in a divorce case to award attorney's fees for the appellate level

_____

[3]Code § 20-103 authorizes the trial court to make <u>pendente lite</u> orders regarding costs, and Code § 20-99 addresses costs incurred in the trial court.

4

as it states that "[c]osts may be awarded to either party as equity and justice may require." Code § 20-99(5). Appellant asserts that the term "costs" includes counsel fees and relies primarily on Craig v. Craig, 115 Va. 764, 80 S.E. 507 (1914), for the proposition that no specific remand is necessary. In Craig, however, the Supreme Court of Virginia remanded the issue of attorney's fees specifically "with leave to counsel for appellee to prosecute their claim for compensation . . . ." Craig, 115 Va. at 765, 80 S.E. at 507. Additionally, appellant's reliance on Ingram v. Ingram, 217 Va. 27, 225 S.E.2d 362 (1976), is misplaced. Ingram dealt with the reasonableness of attorney's fees awarded for efforts at trial, not on appeal.

Appellant cites no case in which a trial court has awarded attorney's fees incurred on appeal without a specific remand and particularized instructions to do so. See Gottlieb v. Gottlieb, 19 Va. App. 77, 96, 448 S.E.2d 666, 677 (1994) ("We remand the case, however, for the limited purpose of determining the amount wife should be awarded for attorney's fees she incurred in this appeal."); Via v. Via, 14 Va. App. 868, 873, 419 S.E.2d 431, 434 (1992) ("[U]pon remand, the court is directed to enter an appropriate award of attorney's fees for services rendered to [wife] in the trial court, as well as on appeal."); Sanford v. Sanford, 19 Va. App. 241, 250-51, 450 S.E.2d 185, 190-91 (1994) ("We remand the case to the trial court for a determination and award of attorney's fees due [wife] for the enforcement

proceeding, including an amount for that part of the appeal devoted to the enforcement."); see also Hughes v. Hughes, 173 Va. 293, 306, 4 S.E.2d 402, 407-08 (1939) ("[W]e reverse the decree of the trial court, and remand the case, . . . [t]hat the trial court . . . . (3) [f]ix a reasonable compensation to be paid counsel for the wife, for services rendered in the trial court and in this court."); Allen v. Allen, 166 Va. 303, 308, 186 S.E. 17, 19 (1936) ("We think that an additional $100 should be allowed . . . the wife's attorney, for the preparation of the brief and the argument in this court.  With the additional order for the payment of the attorney fee allowed, the decree of the lower court is affirmed.").

The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear.  The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment.[4]

---

[4]The trial court upon proper remand can then "[f]ix a reasonable compensation . . . for services rendered in . . . this [c]ourt."  See Hughes, 173 Va. at 306, 4 S.E.2d at 407-08.  See also Antonelli v. Antonelli, 242 Va. 152, 156, 409 S.E.2d 117, 120 (1991), where the Supreme Court of Virginia held as follows:

> [W]e will award the mother . . . attorney's
> fees in this Court, and we will remand the
> case to the Court of Appeals directing it to
> fix a sum on account of attorney's fees for
> the mother in that court.  We will also
> direct the Court of Appeals to remand the
> case to the circuit court for reconsideration
> of . . . the mother's request for attorney's

6

Accordingly, the judgment of the trial court is affirmed.

<u>Affirmed.</u>

---

    fees <u>there</u> . . . .

(Emphasis added).