COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


CYNTHIA D. KRAMER
                                        MEMORANDUM OPINION[*]
v.   Record No. 1984-96-1                  PER CURIAM
                                         MARCH 18, 1997
WILLIAM COURTNEY RYAN, JR.


              FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                        Jerome James, Judge

              (Paul M. Lipkin; Goldblatt, Lipkin & Cohen,
              on brief), for appellant.

              (Cheshire I'Anson Eveleigh; Wolcott, Rivers,
              Wheary, Basnight & Kelly, on brief), for
              appellee.



     Cynthia D. Kramer appeals the decision of the circuit court

denying her petition for appellate attorney's fees.  Upon

reviewing the record and briefs of the parties, we conclude that

this appeal is without merit.  Accordingly, we summarily affirm

the decision of the trial court.  Rule 5A:27.

     In a previous appeal, William Courtney Ryan, Jr., appealed

the child support decision of the circuit court.  We affirmed the

trial court's decision and denied Ryan's petition for rehearing

en banc.  Ryan then filed a petition for appeal with the Supreme

Court of Virginia.  That Court refused the petition.  Kramer then

filed a petition in the circuit court seeking appellate

attorney's fees.

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

In O'Loughlin v. O'Loughlin, 23 Va. App. 690, 691, 479 S.E.2d 98, 98 (1996), we held that, in the absence of a specific remand for attorney's fees, the trial court lacks jurisdiction to award appellate fees.

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear. The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

Id. at 695, 479 S.E.2d at 100. Neither this Court nor the Supreme Court awarded Kramer appellate attorney's fees or remanded the matter to the trial court with instructions to make such an award.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.