50

## CIRCUIT COURT OF ARLINGTON COUNTY

Brodie

v.

Cooper

October 1, 1997

Case No. (Chancery) 94-103

BY JUDGE WILLIAM L. WINSTON

The remaining question to be decided at this time is whether the trial court has jurisdiction to reimburse the trustee for the fees which she has paid out of her personal funds to defend the estate on the appeal. I am of the opinion that this Court does have jurisdiction.

The awarding of these fees was not dealt with by the Supreme Court nor was the issue placed before them for decision. The right to claim reimbursement was not forfeited by failing to seek reimbursement at the time of the appeal.

The case of *O'Loughlin v. O'Loughlin*, 23 Va. App. 690 (1996), is binding authority in the type of litigation in which it was rendered. It was a case involving domestic relations and is entirely different from a case such as this. In *O'Loughlin*, no one was before the court on a continuing basis in an official capacity. Here, however, the fiduciary who was being sued and appeared in the appellate court qualified before this court. Under the statutory scheme provided in Va. Code § 26-30, for the proof of expenses incurred in administration, this fiduciary may seek reimbursement for all such expenses, including fees incurred on appeal.

This is not to say that the fee could not have been claimed on appeal, but the fact that it was not does not terminate the matter. No one is being denied the right to have the question reviewed. If there are exceptions taken to the findings of the Commissioner of Accounts and appeal taken from the Circuit Court's rulings, all rights are protected by appellate review.

The Court's ruling on the pending motion is that the Circuit Court as well as the Supreme Court has the jurisdiction to award reimbursement of fees incurred on appeal. The fees are to be charged against the estate when reimbursed.