COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Annunziata and Senior Judge Duff
Argued at Alexandria, Virginia


DONALD C. McINTYRE
                                          OPINION BY
v.    Record No. 1802-96-4        JUDGE CHARLES H. DUFF
                                        OCTOBER 7, 1997
GARNET M. McINTYRE


          FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                  Benjamin N. A. Kendrick, Judge

          Mary M. Benzinger, (Benzinger & Benzinger, on
          brief), for appellant.

          Marcia M. Maddox, (Heather A. Cooper, on
          brief), for appellee.



     Donald C. McIntyre (husband) appeals the decision of the

circuit court awarding attorney's fees to Garnet M. McIntyre

(wife).  Husband contends that the trial court:  (1) lacked

jurisdiction to award wife attorney's fees incurred in the course

of a previous appeal; and (2) abused its discretion by awarding

wife attorney's fees without proof of need or disproportionate

ability to pay.  We agree that the trial court lacked

jurisdiction and, therefore, reverse.

     Under the terms of the final decree, the trial court

provided:

          In the event that [husband] appeals the
          judgments set forth . . . , bond or an
          irrevocable letter of credit conditioned upon
          the performance or satisfaction of the
          judgments, shall be posted with the Court in
          the amount of $35,000 suspending execution of
          the judgments during the appeal.  The Clerk
          of Court is hereby directed to place any cash
          bond posted in an interest bearing account
          until further order of this Court.

This Court affirmed the trial court's decision and ordered husband to pay to wife "damages according to law."  No express provision was made concerning wife's request for appellate attorney's fees.  Wife filed with the trial court a Motion for Release of Bond, Interest on Judgment and Attorney's Fees upon the conclusion of husband's appeal to this Court.  However, husband filed a petition for appeal with the Supreme Court of Virginia.  Husband's petition, and his subsequent petition for rehearing, were both dismissed by the Supreme Court.  Wife then filed with the trial court a new Motion for Release of Bond, Interest on Judgment and Attorney's Fees.

In O'Loughlin v. O'Loughlin, 23 Va. App. 690, 691, 479 S.E.2d 98, 98 (1996),[1] we held that, in the absence of a specific remand for attorney's fees, the trial court lacks jurisdiction to award appellate fees.

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear.  The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

Id. at 695, 479 S.E.2d at 100 (footnote omitted).  Neither this Court nor the Supreme Court awarded wife appellate attorney's fees or remanded the matter to the trial court with instructions to make such an award.

[1]O'Loughlin was decided subsequent to the order appealed from herein.

2

Accordingly, the decision of the trial court awarding appellate attorney's fees and costs is reversed.

The trial court also awarded $2,800 in attorney's fees in connection with wife's motion.  That award was within the trial court's discretionary authority and was supported by credible evidence.  We find no abuse of that discretion and affirm that award.

<u>Affirmed in part and
reversed in part.</u>

Benton, J., dissenting.

With all due respect, I dissent from the majority's holding that O'Loughlin v. O'Loughlin, 23 Va. App. 690, 479 S.E.2d 98 (1996), decided that a circuit court judge "lacked jurisdiction" to award attorney's fees following an appeal. Although O'Loughlin states that the question presented was "whether, absent an order from the Court of Appeals specifically remanding the issue of attorney's fees incurred on appeal, a trial court has jurisdiction to award such fees," id. at 691, 479 S.E.2d at 98, I do not read the opinion to address the question of the trial judge's jurisdiction to award fees. The opinion merely holds "that a specific remand for attorney's fees is required" before the trial judge may assess attorney's fees for services rendered on appeal. Id.

> O'Loughlin appears to be based on the following analysis:
> The rationale for the appellate court being
> the proper forum to determine the propriety
> of an award of attorney's fees for efforts
> expended on appeal is clear. The appellate
> court has the opportunity to view the record
> in its entirety and determine whether the
> appeal is frivolous or whether other reasons
> exist for requiring additional payment.

Id. at 695, 479 S.E.2d at 100 (footnote omitted). I disagree with that conclusion and with what I believe to be the O'Loughlin holding -- that the trial judge is divested of the right to exercise discretion to award attorney's fees unless the mandate returned to the circuit court following an appeal specifically remands the issue. I would hold that Code §§ 20-103, 20-79, and

4

20-99 provide independent authority for a circuit court judge to award attorney's fees.  That authority, specifically conferred by the General Assembly, is not eliminated by a mandate from this Court implementing an opinion that does not address attorney's fees.

The context in which the fee request arose in this case is not atypical.  During the initial proceeding in the circuit court, the trial judge awarded a divorce and other relief, including attorney's fees, to the wife.  The husband appealed to this Court from the divorce decree and raised several issues.  In response to that appeal and as part of her request for relief, the wife requested this Court to affirm the judgment and award her attorney's fees for the appeal.  Although this Court affirmed the ruling of the trial judge in all aspects, this Court failed to address the wife's request for attorney's fees for the appellate services provided by her counsel.  The husband then filed a further appeal to the Supreme Court.  The Supreme Court dismissed the husband's petition for appeal and, thereby, affirmed the ruling of the trial judge.  However, the Supreme Court also failed to act upon the wife's request for attorney's fees for the appellate services of her counsel.  As has been the usual practice in the Commonwealth, the wife sought an award of attorney's fees when the mandate was returned to the circuit court ending the husband's appeals.  See, e.g., Bandas v. Bandas, 32 Va. Cir. 285 (1993) (Circuit Court of the City of Richmond);

5

<u>Adams v. Adams</u>, Chancery No. 90000011 (1994) (Circuit Court of Augusta County).  The trial judge awarded her attorney's fees for the appellate services of her counsel.

Attorney's fees have long been considered a cost necessary to enable a spouse or child to maintain a suit for support.  <u>See</u>, <u>e.g.</u>, <u>Carswell v. Masterson</u>, 224 Va. 329, 331, 295 S.E.2d 899, 901 (1982); <u>Ingram v. Ingram</u>, 217 Va. 27, 29, 225 S.E.2d 362, 364 (1976); <u>McKeel v. McKeel</u>, 185 Va. 108, 116-17, 37 S.E.2d 746, 750-51 (1946); <u>McClaugherty v. McClaugherty</u>, 180 Va. 51, 69, 21 S.E.2d 761, 768 (1942); <u>Heflin v. Heflin</u>, 177 Va. 385, 399-400, 14 S.E.2d 317, 322 (1941).  By statute, the legislature has provided for attorney's fees as follows:

> In suits for divorce . . . , the court having jurisdiction of the matter may, at any time pending a suit pursuant to this chapter, in the discretion of such court, make any order that may be proper (i) to compel a spouse to pay any sums necessary for the maintenance and support of the petitioning spouse, including an order that the other spouse provide health care coverage for the petitioning spouse, unless it is shown that such coverage cannot be obtained, (ii) <u>to enable such spouse to carry on the suit</u> . . . .

Code § 20-103(A) (emphasis added).  This statute allows an award of attorney's fees in the trial judge's discretion.  <u>See</u> <u>Wilkerson v. Wilkerson</u>, 214 Va. 395, 398, 200 S.E.2d 581, 584 (1973); <u>Rowlee v. Rowlee</u>, 211 Va. 689, 690, 179 S.E.2d 461, 462 (1971).

In addition, Code § 20-79(b) provides as follows:

> In any suit for divorce, the court in which

> the suit is instituted or pending, when
> either party to the proceedings so requests,
> shall provide in its decree for the
> maintenance, support, care or custody of the
> child or children in accordance with Chapter
> 6.1 (§ 20-124.1 et. seq.), support and
> maintenance for the spouse, if the same be
> sought, and counsel fees and other costs, if
> in the judgment of the court any or all of
> the foregoing should be so decreed.

That statute also gives the circuit court judge discretionary authority to award attorney's fees. See Stratton v. Stratton, 16 Va. App. 878, 884, 433 S.E.2d 920, 923 (1993); Alphin v. Alphin, 15 Va. App. 395, 406, 424 S.E.2d 572, 578 (1992).

Furthermore, "[c]osts may be awarded to either party as equity and justice may require." Code § 20-99(5). This statute likewise authorizes an award of attorney's fees, if necessary, as the cost of enabling a spouse to carry on the suit. See D'Auria v. D'Auria, 1 Va. App. 455, 461, 340 S.E.2d 164, 167 (1986).

When the legislature enacted Code §§ 20-79, 20-99, and 20-103, it clearly intended to protect the ability of an eligible spouse to obtain fees for that spouse's legal counsel. The need for attorney's fees is just as compelling when a spouse has been required to secure the services of counsel to defend on appeal a judgment in that spouse's favor. To enable judges to respond adequately to the needs of spouses, the legislature gave broad discretion to judges to award attorney's fees and did not limit in a strict manner the time in which attorney's fees could be awarded. The only statutory requirement is that the suit must be pending. Indeed, one of the statutory provisions allows the

7

trial judge discretion to award attorney's fees and costs "at any time" in a pending suit for divorce.  Code § 20-103.  O'Loughlin does not hold that the divorce suit is not pending when the mandate has issued and is before the circuit court on remand.  It also does not address the authority of the circuit court judge to award attorney's fees pursuant to Code § 20-103 while the suit is still pending on remand.

Generally, when a trial judge has discretion to award attorney's fees, that discretion may be invoked after an appeal has resolved the merits of the case.  See White v. New Hampshire Dep't of Employment Sec., 455 U.S. 445 (1982).  A request for attorney's fees and costs has traditionally been deemed to be collateral to the judgment because the request seeks a benefit as a consequence of the judgment.  See id. at 451-52; see also Sprague v. Ticonic Nat'l Bank, 307 U.S. 161, 168-69 (1939).  Thus, a trial judge's award of attorney's fees under Code § 20-103 for services rendered on appeal is collateral to the remand order contained in the mandate.  Accord Wheeler v. Wheeler, 636 A.2d 888, 890 (Del. 1993) (holding that trial judge's statutory power "to award attorney's fees following an appeal is not dependent upon a remand . . . for that purpose"); Dahnke v. Dahnke, 571 N.E.2d 1278, 1282 (Ind. Ct. App. 1991) (holding that appellate attorney's fees were incurred during the divorce proceedings and were awardable by the trial judge).  As long as the remand order is still pending, Code § 20-103(A) is

statutory authority, independent of the mandate, that empowers the judge to award attorney's fees.  Accord Tolman v. Tolman, 461 P.2d 433, 435 (Idaho 1969) (stating that a trial judge's statutory authority to award attorney's fees in a pending divorce action is "unaffected by the fact that the mandate . . . did not mention attorney fees").  Thus, I would hold that, in a case such as this, where the trial judge otherwise has authority to award attorney's fees and costs, the trial judge may properly consider a timely motion to award attorney's fees for services rendered on appeal even though the appellate court has not ruled upon the fee request and has not addressed the issue in its remand order.  See Code § 20-103.

Contrary to O'Loughlin, I do not believe that "the appellate court . . . [is] the [only] proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal."  23 Va. App. at 695, 479 S.E.2d at 100.  Indeed, Virginia authority suggests that the trial judge is initially in the best position to assess both the entitlement and quantum of attorney's fees, leaving to the appellate court a review of that decision.  Although the Supreme Court in Craig v. Craig, 115 Va. 764, 80 S.E. 507 (1914), remanded to the circuit court judge the issue of attorney's fees, the Court did not hold that the appellee was entitled to attorney's fees.  The Court ruled as follows:

> Counsel for appellee have asked that an allowance for counsel fees be made for services rendered in this court.  This we

9

> decline to do, being of opinion that the trial court is in a better position to inquire into and do what is right and just between the parties in the first instance than this court. We shall, therefore, affirm the decree and remand the cause, but with leave to counsel for appellee to prosecute their claim for compensation before the law and equity court in the first instance, with the right of appeal to this court if a proper case shall be made for its exercise.

Id. at 765, 80 S.E. at 507 (emphasis added). Thus, the Supreme Court recognized that both the issues of entitlement and quantum of fees were matters that could properly be addressed initially by the trial judge. See id.; accord Knighton v. Watkins, 616 F.2d 795, 801 (5th Cir. 1980); White v. White, 683 So. 2d 510, 512 (Fla. Dist. Ct. App. 1996) (stating that because the appellate court has "no way of knowing how great is the need . . . , nor how great is the ability to pay," the propriety and amount of an award of attorney's fees usually should first be "addressed by the trial court"), aff'd, 695 So. 2d 381 (Fla. Dist. Ct. App. 1997) (en banc). Indeed, the trial judge is better positioned to assess the financial needs of the parties and consider evidence germane to the reasonableness of the fee request.

The practical effect of the rule pronounced in O'Loughlin is to require this Court to superintend attorney's fees requests in domestic relations appeals. After O'Loughlin, to preserve a claim for attorney's fees expended on appeal, counsel must present the issue of attorney's fees as a question presented on

10

appeal either in the appellant's opening brief or in appellee's cross-appeal. This Court might possibly consider a timely separate motion bringing the issue to the attention of this Court. Less certain is a mechanism for presenting the issue before the Supreme Court at the petition stage. Moreover, as this case demonstrates, if the appellate courts fail to rule on the issue, counsel must request a rehearing to raise anew the entitlement to attorney's fees and request a ruling. I believe the statutes make that effort unnecessary.

Because I believe that the statutes clearly authorize the trial judge to consider a timely motion for appellate attorney's fees when the mandate is pending on remand, I would affirm the judgment. Therefore, I dissent.

11