COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Agee and Senior Judge Coleman


KANDIE HUFFMAN LAW
                                         MEMORANDUM OPINION*
v.    Record No. 2398-01-1                  PER CURIAM
                                           MARCH 19, 2002
WILLIAM FORD LAW, SR.


              FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                     Robert B. Cromwell, Jr., Judge

              (Moody E. Stallings, Jr.; Kellam T. Parks;
              Stallings & Richardson, P.C., on briefs), for
              appellant.  Appellant submitting on briefs.

              (Barry Kantor; Christie & Kantor, PC, on
              brief), for appellee.  Appellee submitting on
              brief.


     Kandie Huffman Law ("wife") appeals from the decision of

the circuit court affirming, ratifying, and incorporating into a

final decree of divorce from William Ford Law, Sr. ("husband"),

the parties' Marital Separation Agreement (the "Agreement").

Wife contends the trial court erred by affirming the

commissioner in chancery's finding that the Agreement was valid

and binding.  Husband requests an award of attorneys' fees.  For

the reasons which follow, we affirm the decision of the trial

court.

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

FACTS

"We review the evidence in the light most favorable to [husband], the party prevailing below and grant all reasonable inferences fairly deducible therefrom." Anderson v. Anderson, 29 Va. App. 673, 678, 514 S.E.2d 369, 372 (1999). After several years of marriage, the parties separated on October 3, 1998. Prior to their separation, they discussed executing a statement of separation. Wife obtained a form separation agreement and modified it to suit their situation. The resulting six-page document contained no references to financial disclosures. On September 29, 1998, husband met with an attorney to review the document. After further discussions, wife modified the document and included a section regarding financial disclosures.

On October 3, 1998, husband signed the Agreement, a modified version of the original document, which did not include the financial disclosures provision. Wife also signed the Agreement before a notary public, but did not give husband a copy of the fully executed Agreement.

Husband later provided wife with financial information and made payments pursuant to the Agreement, which wife accepted.

## Analysis

### I.

"In challenging the court's decision on appeal, the party seeking reversal bears the burden to demonstrate error on the

-

part of the trial court."  Barker v. Barker, 27 Va. App. 519, 535, 500 S.E.2d 240, 248 (1998) (citation omitted).  "'A commissioner's findings of fact which have been accepted by the trial court "are presumed to be correct when reviewed on appeal and are to be given 'great weight' by this Court."'"  Gilman v. Gilman, 32 Va. App. 104, 115, 526 S.E.2d 763, 768-69 (2000) (citations omitted).

Wife argues the Agreement is invalid because she and husband did not have a "meeting of the minds."

> Separation agreements and property settlement agreements are contracts.  See Tiffany v. Tiffany, 1 Va. App. 11, 15, 332 S.E.2d 796, 799 (1985); and Jones v. Jones, 19 Va. App. 265, 268-69, 450 S.E.2d 762, 764 (1994).  "[T]herefore, we must apply the same rules of interpretation applicable to contracts generally."  Tiffany, 1 Va. App. at 15, 332 S.E.2d at 799.

Douglas v. Hammett, 28 Va. App. 517, 523, 507 S.E.2d 98, 101 (1998).

> It is elementary that mutuality of assent — the meeting of the minds of the parties — is an essential element of all contracts, and, in order that this mutuality may exist, it is necessary that there be a proposal or offer on the part of one party and an acceptance on the part of the other.  Both the offer and acceptance may be by word, act or conduct which evince the intention of the parties to contract, and that their minds have met may be shown by direct evidence of an actual agreement, or by indirect evidence of facts from which an agreement may be implied.

-

*Green's Ex'ors v. Smith*, 146 Va. 442, 452, 131 S.E. 846, 848 (1926). Furthermore "the law imputes to a person an intention corresponding to the reasonable meaning of [her] words and acts. If [her] words and acts, judged by a reasonable standard, manifest an intention to agree, it is immaterial what may be the real but unexpressed state of [her] mind." *Lucy v. Zehmer*, 196 Va. 493, 503, 84 S.E.2d 516, 522 (1954); accord *Marefield Meadows, Inc. v. Lorenz*, 245 Va. 255, 260, 427 S.E.2d 363, 365-66 (1993). Whether there has been the requisite manifestation of mutual assent to a bargained exchange is a question of fact. *Charbonnages De France v. Smith*, 597 F.2d 406 (4th Cir. 1979).

It is undisputed that husband performed his obligations under the Agreement and that wife accepted the benefits of his performance. Through her conduct, wife manifested an intent to be bound to the contract. "In evaluating a party's intent . . . we must examine [her] outward expression rather than [her] secret, unexpressed intention." *Wells v. Weston*, 229 Va. 72, 78, 326 S.E.2d 672, 676 (1985). The commissioner did not err in finding that wife's actions constituted a meeting of the minds and that the contract was valid and binding. The trial court did not err by affirming the commissioner's finding.

-

II.

We deny the husband's request for an award of appellate attorneys' fees.  See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 479 S.E.2d 98 (1996).

Accordingly, we affirm the decision of the trial court.

Affirmed.