COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Beales and Senior Judge Fitzpatrick


REX G. DOWTIN

                                                          MEMORANDUM OPINION[*]
v.      Record No. 1092-07-2                                   PER CURIAM
                                                            NOVEMBER 27, 2007
BARBARA D. DOWTIN


                    FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                                   Michael C. Allen, Judge

                (John H. Click Jr.; Laurie L. Riddles; Blackburn, Conte, Schilling &
                Click, P.C., on briefs), for appellant.

                (Brian H. Jones; Ann Brakke Campfield; Barnes & Diehl, P.C., on
                brief), for appellee.


        Rex G. Dowtin, husband, appeals from the circuit court's final divorce decree entered on

April 19, 2007.  He argues that the trial court erred by entering a final decree in contravention of its

earlier rulings regarding the classification of the firearms and firearm accessories as separate

property purchased by him.  Upon reviewing the record and briefs of the parties, we conclude this

appeal is without merit.  Accordingly, we summarily affirm the trial court's decision.  See Rule

5A:27.[1]

                                        Background

        The parties were married on January 17, 1987 and separated in July 2004.  Prior to the

marriage and during the marriage, the husband collected firearms and firearm accessories.  He

claimed that some of these items were separate property.  Husband did not provide complete

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] We deny appellee's motion to dismiss appellant's appeal.

information when asked in interrogatories what property he claimed was separate and what property he claimed was marital.

At the November 30, 2006 hearing, husband's attorney told the trial judge that he had written notes from the September 14, 2006 hearing and the notes indicated that $109,330 worth of the firearms and firearm accessories were husband's separate property. The attorney for Barbara Dowtin, wife, asked for a clarification and recalled that husband had presented an exhibit wherein he highlighted the firearms he claimed to have purchased before the marriage. The wife's attorney asked, "[w]hether the ruling is that all those highlighted items are Mr. Dowtin's separate property, or whether you're referring only to the firearms that were contained in the log book." The trial judge stated that his recollection was that $109,330 was the value of the guns that were separate property. Wife's attorney pointed out that $109,330 came from the log book that listed firearms purchased on dates after the marriage and that only a few of the firearms listed predated the marriage. The trial judge acknowledged that he was "operating from memory" and had not "re-reviewed the exhibits." The trial judge stated that the firearms purchased before the marriage were the husband's separate property, the log was not manufactured evidence, and the log accurately reflected the dates the firearms were purchased. The wife's attorney said that, under the circumstances, he would ask to see the log book and that he may need to file a motion to reconsider. The trial judge concluded that he thought husband's attorney's recollection that $109,330 was the value of the separate property was correct but said, "I can't close the courthouse door in a motion to reconsider."

At a hearing on March 6, 2007, husband's attorney referred to the final decree he proposed and said:

> There was an issue with regard to the firearms and firearm accessories, and I've read the transcript, I've read my notes of the hearing and the ruling. We went back and looked at the logs and the things that we had submitted, and I think the number that I

> submitted [$98,900] as being his separate property is actually a
> little bit less than what Your Honor ruled, and I do that in fairness
> in looking at all the log books and things.

Wife's attorney added that there was some issue as to which firearms listed in the log were separate property and recalled that when he cross-examined the husband, he "caught" him four or five times claiming something was separate when he had the receipt demonstrating that it was acquired during the marriage and, therefore, was not separate property. Wife's attorney asked the court to rule on whether the highlighted items were separate property so that it could be accurately reflected in the final decree. Wife's attorney said, "The way I had constructed my final decree was under the assumption that Mr. Dowtin had proved only that the three guns in the log book were, in fact, his separate property because it[s] demonstrated date of acquisition . . . preceded the date of marriage." Husband's attorney responded, "I just feel like we've litigated this gun issue three or four times. The first time, I understand it needed to be clarified." Husband's attorney acknowledged that the accurate value of the separate property was less than the $109,330 amount originally argued. The trial judge agreed to review the competing decrees offered and enter one of them "interlining" as necessary.

On April 5, 2007, the court entered an order noting that the parties had appeared on "March 6, 2006" (sic) and submitted competing proposed final decrees and that the court took the matter under advisement. The order stated that the parties appeared on "April 4, 2006" (sic) telephonically and "[t]he Court reiterated its ruling regarding the classification and valuation of firearms and firearm accessories which were among the items of property in controversy, and advised counsel that one of the proposed Final Decrees would be entered, amended or redrafted to reflect the Court's rulings." On April 19, 2007, the court entered the final decree and listed $54,400 as the value of the firearms and firearm accessories that were husband's separate property.

<u>Analysis</u>

Husband argues that the trial court erred by entering a final decree that was contrary to an earlier oral finding. However, it is well settled that "[a] court of record speaks only through its written orders." <u>Hill v. Hill</u>, 227 Va. 569, 578, 318 S.E.2d 292, 297 (1984). The court made certain findings, reconsidered those findings at several hearings including one held telephonically, and entered the final decree consistent with the revised findings. The record shows that husband's attorney also revised his initial claim as to the value of what constituted separate property. The record demonstrates that during the numerous hearings, both parties understood that the value of what constituted separate property was a contested matter. The matter was under the control of the trial court during the time before the final decree was entered, <u>see</u> Rule 1:1, and the trial judge could properly revise his findings as necessitated by the evidence and arguments of counsel. Husband's claim on appeal is without merit.

In addition, we award the wife her reasonable attorney's fees and costs incurred in this appeal and remand the matter to the trial court for the determination of the amount of the award. <u>See</u> <u>O'Loughlin v. O'Loughlin</u>, 23 Va. App. 690, 479 S.E.2d 98 (1996).

For these reasons, we summarily affirm the decision of the trial court. <u>See</u> Rule 5A:27.

<u>Affirmed and remanded</u>.