UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, O'Brien and Senior Judge Bumgardner

JAMES B. SPEAR, JR.

MEMORANDUM OPINION*

v.       Record No. 0064-17-4                     PER CURIAM
                                                  MAY 30, 2017

NAWARA T. OMARY

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
David S. Schell, Judge

(Melanie Hubbard; Malinowski Hubbard, PLLC, on briefs), for
appellant.

(Mehagen D. McRae; Surovell Isaacs Levy, PLLC, on brief), for
appellee.

James B. Spear, Jr. (father) is appealing an order that dismissed a motion to modify child

support for lack of proper jurisdiction. Father argues that the circuit court erred by (1) "finding that

the Fairfax County Juvenile and Domestic Relations District Court lacked jurisdiction to modify the

child support provisions of the parties' Final Decree of Divorce;" and (2) "failing to conduct a *de

novo* review of the case on appeal from the Fairfax County Juvenile and Domestic Relations District

Court." Upon reviewing the record and briefs of the parties, we conclude that this appeal is

without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule

5A:27.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

On May 17, 2010, father and Nawara T. Omary (mother) entered into a support, property and custody agreement. Father agreed to pay mother $3,500 per month for child support. On May 18, 2010, the circuit court entered the final order of divorce.

On December 2, 2011, at the request of the Division of Child Support Enforcement (DCSE), the circuit court entered an order to reopen, intervene, and transfer case. The order transferred the child support matters to the Fairfax County Juvenile and Domestic Relations District Court (the JDR court). In 2013, father appealed a child support order from the JDR court. On May 9, 2014, the circuit court entered an order stating that father withdrew his appeal. The order did not state whether the child support matters were remanded to the JDR court.

On January 27, 2015, DCSE filed a motion to amend child support in the JDR court. The motion alleged that there had been a material change in circumstances since the May 18, 2010 order. On March 3, 2016, the JDR court entered a child support order amending father's child support obligation to $1,088 per month. Mother appealed to the circuit court.

On August 11, 2016, mother, father, and DCSE appeared before the circuit court.[1] Mother made a preliminary motion and argued that the JDR court did not have jurisdiction to modify child support because the May 9, 2014 circuit court order did not remand child support to the JDR court. The circuit court agreed with mother's argument and dismissed the motion to amend child support for lack of proper jurisdiction. The circuit court also vacated the JDR

---

[1] Father was *pro se* at the August 11, 2016 hearing. After the hearing, he retained counsel, who represented him in the post-trial proceedings and on appeal.

court's March 3, 2016 order and held that "the child support provisions of this Court's Final Divorce Order remain in full force and effect." The circuit court entered an order reflecting its rulings on August 11, 2016. Father did not endorse the order.

On August 31, 2016, father filed a motion to reconsider and requested that the circuit court suspend its August 11, 2016 order. On August 31, 2016, the circuit court entered an order suspending its August 11, 2016 order "until the Court renders it ruling on Defendant's Motion to Reconsider." On October 17, 2016, mother filed a response to father's motion to reconsider.

On December 16, 2016, the parties appeared before the circuit court. At the conclusion of the hearing, the circuit court entered an order denying father's motion to reconsider and lifted the suspending order. On January 11, 2017, father noted his appeal of the August 11, 2016 order. Father did not appeal the December 16, 2016 order; therefore, we consider the case on the August 11, 2016 order and the proceedings prior to the entry of that order.

ANALYSIS

Father argues that the circuit court erred by (1) finding that the JDR court did not have jurisdiction to modify the child support provisions and (2) failing to conduct a *de novo* review of the case. We find that father did not preserve his arguments for appeal.

Rule 5A:18 provides, "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."

Father did not endorse the August 11, 2016 order. The circuit court handwrote the following next to father's signature line – "Present but did not sign." At the August 11, 2016 hearing, the circuit court gave father the opportunity to respond to mother's motion to dismiss for lack of jurisdiction. Father stated,

> Yes, Your Honor. I feel like the appeal is not fair to appeal this case [sic]. The Judge and [sic] the mistake that was made was

Ms. McRae was not present at that court hearing, okay. That all should have been addressed at that time. So the jurisdiction was founded legally by the Judge and we had the trial.

They weren't prepared for the case, okay, and that's why we're back here today.

Father did not articulate to the circuit court the same arguments that he is now making on appeal. We "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).

In his opening brief, father indicates that he preserved his arguments in his motion to reconsider and at the December 16, 2016 hearing. However, since father did not appeal the December 16, 2016 order, we cannot consider those post-trial arguments.

Mother asks this Court to award her attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Having reviewed and considered the entire record in this case, we hold that mother is entitled to a reasonable amount of attorney's fees and costs, and we remand for the trial court to set a reasonable award of attorney's fees and costs incurred by mother in this appeal. Rule 5A:30(b).

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27. We remand this case to the trial court for determination and award of the appropriate appellate attorney's fees and costs, which also should include any additional attorney's fees and costs incurred at the remand hearing.

Affirmed and remanded.