COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judge Humphreys, and Senior Judge Annunziata
Argued by teleconference

UNPUBLISHED

MICHELINA BONANNO

v.      Record Nos. 1247-19-4 and 2032-19-4

JAMES LEROY QUINN, II

MEMORANDUM OPINION* BY
JUDGE ROSEMARIE ANNUNZIATA
JUNE 30, 2020

FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Louise M. DiMatteo, Judge

Colleen Marea Quinn (Locke & Quinn, PLC, on briefs), for
appellant.

Laura C. Dove; Stanton Phillips (Mullett Dove Meacham & Bradley,
PLLC; Goldenberg & Phillips, PC, on brief), for appellee.

Michelina Bonanno appeals a final order of adoption. Bonanno argues that the circuit

court did not have jurisdiction to consider the petition for adoption and that the petition for

adoption did not meet the statutory requirements for a stepparent adoption. She further contends

that her consent was required before the adoption could be approved and that she was entitled to

notice of the proceedings. Bonanno also questions whether James LeRoy Quinn, II used due

diligence before providing notice to the child's birth father by order of publication. Finally,

Bonanno argues that the circuit court erred by not granting her post-trial motions. In response,

Quinn moved to dismiss the appeal, which we grant for the following reasons.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND[1]

Elizabeth Quinn (mother) and Sean Graham (birth father) are the biological parents to the child who is the subject of this appeal.[2] They were not married. On September 19, 2013, mother married Quinn. On August 26, 2014, mother and Bonanno, the child's maternal grandmother, entered into a custody and visitation agreement, which the City of Falls Church Juvenile and Domestic Relations District Court entered as an order (the custody agreement). The custody agreement provided that mother and Bonanno would share joint legal custody of the child, with mother having final decision making authority. Mother had physical custody of the child, and Bonanno had visitation. Quinn has known the child since she was approximately one-year-old, and beginning in September 2014, the child has lived continuously with Quinn.

On October 3, 2018, mother died. In December 2018, Quinn filed a petition for adoption. He stated that the birth father had not seen or contacted the child since 2014. The birth father sporadically paid court-ordered child support, with the last payment made by the paternal grandfather on the birth father's behalf in October 2017. An order of publication notified the birth father of the adoption.

Quinn stated in the petition for adoption that mother and Bonanno had joint legal custody and attached a copy of the custody agreement to the petition. The circuit court entered an order of reference and directed the Arlington County Department of Human Services (the Department) to investigate the matter, submit a report, and make a recommendation. Code § 63.2-1208. As

_____

[1] The record in this case was sealed. Nevertheless, the appeal necessitates unsealing relevant portions of the record to resolve the issues appellant has raised. Evidence and factual findings below that are necessary to address the assignments of error are included in this opinion. Consequently, "[t]o the extent that this opinion mentions facts found in the sealed record, we unseal only those specific facts, finding them relevant to the decision in this case. The remainder of the previously sealed record remains sealed." Levick v. MacDougall, 294 Va. 283, 288 n.1 (2017).

[2] The child was born in August 2008.

- 2 -

part of the Department's investigation, it interviewed Quinn and the child. The Department also attempted to contact Bonanno by certified letter and telephone. Bonanno received the certified letter on March 20, 2019. The Department and Bonanno exchanged voice mail messages, with the Department last leaving a voice mail on March 22, 2019. As of March 25, 2019, the date of its report of investigation, the Department had not spoken with Bonanno. Based on its investigation, the Department recommended that the final order of adoption be entered.

On April 11, 2019, the Department filed a supplemental report with the circuit court because Bonanno had contacted the Department. Bonanno stated that she did not know that Quinn had filed a petition for adoption, and she did not consent to the adoption. Bonanno advised the Department that she "had concerns" but would not discuss them over the telephone. The Department followed up with an e-mail and provided contact information for Arlington County's Child Protective Services. Bonanno responded by stating that she had concerns about Quinn's "erratic behavior," but provided no further information. Bonanno informed the Department that "she was awarded 100% guardianship by the court," following mother's death; however, the Department did not know of any court orders other than the custody agreement. The Department reported that it was unaware of any action taken by Bonanno to adopt the child or amend the custody agreement. The Department expressed concern with Bonanno's delay in contacting it, especially because the certified letter indicated that the matter was urgent. The Department reported that the child "appeared happy, healthy, and excited about being adopted" by Quinn. Quinn admitted that he had a "cordial relationship" with Bonanno, but "he did not feel comfortable sharing his interest and pursuit in adopting [the child]." The Department found that Quinn had been parenting the child since 2013 and "was a protective parent concerned about [the child's] well-being." The Department reiterated its recommendation that the petition for adoption be granted.

On April 30, 2019, the circuit court entered the final order of adoption. The circuit court found that the order of publication notified the birth father of the proceedings. The circuit court further found that the birth father's consent was not required under Code § 63.2-1202(H) because he had not visited with or contacted the child for at least six months before the petition for adoption was filed. The final order of adoption stated that the circuit court had reviewed the pleadings and the Department's reports of investigation. The circuit court found that "no further consent to this adoption nor notice of these proceedings [was] required" and granted Quinn's petition for adoption.

On May 30, 2019, Bonanno filed a notice of appeal, a "Motion of Legal Custodian to Vacate and Set Aside Final Order of Adoption; Motion to Unseal Records" and an "Emergency Motion to Stay Finality of Final Order of Adoption." On July 23, 2019, Bonanno filed a "Motion to Find Final Order of Adoption Void *ab initio* and/or to Set a Hearing Date" and a memorandum of law.

On September 20, 2019, the parties appeared before the circuit court to be heard on Bonanno's post-trial motions. At the hearing, Quinn argued that the circuit court no longer had jurisdiction over the matter because Bonanno had noted her appeal of the adoption order, and "the very things that the [c]ourt is being asked to set a hearing on today have already been included in appellant's brief as an error . . . ." The circuit court took the matter under advisement and subsequently issued a memorandum opinion. On October 7, 2019, the circuit court entered an order denying Bonanno's July 23, 2019 motion because her appeal to this Court divested the circuit court of jurisdiction.[3] Bonanno appealed the denial of her post-trial motion.

---

[3] The order does not address Bonanno's other post-trial motions filed May 30, 2019.

ANALYSIS

Quinn moves to dismiss Bonanno's appeal and argues that she was not a party and does not have standing to appeal the final order of adoption. We agree. Bonanno never moved to intervene or make an appearance before the entry of the final order. Thus, Bonanno was never a party to the adoption and has no standing to appeal the final adoption order. Only an "aggrieved *party*" may appeal a circuit court's final order of adoption. Code § 17.1-405 (emphasis added). "A person cannot appeal a case to which [s]he is not a party." Tidewater Psychiatric Inst., Inc. v. Buttery, 8 Va. App. 380, 383 (1989). Accordingly, we grant Quinn's motion and dismiss the appeal.[4]

Both parties ask this Court to award them attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695 (1996). "The decision of whether to award attorney's fees and costs incurred on appeal is discretionary." Friedman v. Smith, 68 Va. App. 529, 545 (2018). Having reviewed and considered the entire record in this case, we deny Bonanno's request and grant Quinn's request for a reasonable amount of attorney's fees and costs incurred on appeal. We remand this case to the circuit court for determination and award of the appropriate appellate attorney's fees and costs, which also should include any additional attorney's fees incurred at the remand hearing. Rule 5A:30(b).

---

[4] We note that the General Assembly amended Code § 63.2-1202 in the 2020 session. See 2020 Va. Acts ch. 3. Effective July 1, 2020, the amendment adds subsection L, which provides that:

> A legal custodian of a child being placed for adoption, and any other named parties in pending cases in which the custody or visitation of such child is at issue, whether such case is in a circuit or district court, shall be entitled to proper notice of any adoption proceeding and an opportunity to be heard.

This provision does not take effect until July 1, 2020; therefore, this Court does not consider the effect of the amendment in this case.

CONCLUSION

For the foregoing reasons, the appeal is dismissed and remanded to the circuit court for determination and award of the appropriate appellate attorney's fees, which also should include any additional attorney's fees incurred at the remand hearing.

<u>Dismissed and remanded.</u>