COURT OF APPEALS OF VIRGINIA

Present:   Judges Haley, McCullough and Senior Judge Willis

MICHAEL ROBERT EISEMAN

                                                    MEMORANDUM OPINION[*]
v.       Record No. 1473-10-1                              PER CURIAM
                                                      NOVEMBER 1, 2011
SARAH CUNNINGHAM BEAUDOIN AND
 THOMAS DAVID BEAUDOIN, JR.


              FROM THE CIRCUIT COURT OF GLOUCESTER COUNTY
                           R. Bruce Long, Judge

              (Stephanie M. Sauer; Legal Aid Society of Eastern Virginia, on
              brief), for appellant.

              (Amy M.P. VanFossen; Law Firm of Thomas L. Hunter &
              Associates, on brief), for appellees.


       Michael Robert Eiseman (father) appeals an order granting Sarah Cunningham Beaudoin's

(mother) and Thomas David Beaudoin, Jr.'s (stepfather) petition for adoption.  Father argues that

the trial court erred by (1) finding that granting the petition for adoption was in the best interests of

the child; and (2) finding that a continued relationship between father and the child would be

detrimental to the child.  Upon reviewing the record and briefs of the parties, we conclude that

this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.

See Rule 5A:27.

                                    BACKGROUND

       "On appeal, '[w]e view the evidence in the light most favorable to the prevailing party in

the circuit court and grant to that party the benefit of all reasonable inferences fairly deducible

therefrom.'"  T.S.G. v. B.A.S., 52 Va. App. 583, 585, 665 S.E.2d 854, 855 (2008) (quoting Toms

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

v. Hanover Dep't of Soc. Servs., 46 Va. App. 257, 262, 616 S.E.2d 765, 767 (2005) (internal quotations and citation omitted)).

So viewed, the evidence proved that mother and father were never married and had one child, born in 2002. In August 2003, father consented to mother having sole custody of their child. Father used illegal drugs on and off since 2002. In 2007 and 2008, father was charged and subsequently convicted of a total of eleven criminal charges, including one count of felony theft, three counts of felony forgery, five counts of illegal drug offenses, one count of misdemeanor theft, and one count of driving while suspended.

Since the child's birth, father did not exercise regular visitation with the child. He visited the child a few times a year, and his mother usually supervised the visitations. For example, in 2006, father had two supervised visits with the child; in 2007, father visited the child twice; and in 2008, he had three supervised visits. In addition to his visitations, he sporadically called the child.

The child has lived with mother and stepfather since March 2006. Mother and stepfather married in June 2008. In December 2008, they decided to file a step-parent adoption. Mother asked father to consent to the adoption in January 2009. Father initially stated that he wished to "do further research," but never provided mother with a response, despite repeated inquiries by mother.

On May 13, 2009, mother and stepfather filed their petition for adoption. After two days of testimony and argument, the trial court entered a final order of adoption granting the petition for adoption. This appeal followed.

ANALYSIS

Father argues that the trial court erred in granting mother and stepfather's petition for adoption. He contends that the adoption is not in the child's best interests and that a continued relationship with his child would not be a detriment to her.

In 2006, "the General Assembly amended Code § 63.2-1205 to remove the language requiring a finding of detriment to the child to permit adoption without parental consent." Copeland v. Todd, 282 Va. __, __, 715 S.E.2d 11, __ (2011) (citing 2006 Acts chs. 825, 848 (effective July 1, 2006)).[1]

In Todd v. Copeland, 55 Va. App. 773, 778, 689 S.E.2d 784, 787 (2010) (emphasis in original), this Court held that

> the Fourteenth Amendment to the United States Constitution requires prospective adoptive parents to prove, by clear and convincing evidence, both that the entry of an adoption order over the objection of a nonconsenting parent is in the best interest of the child *and* that a continuing relationship with the birth parent would be detrimental to the child's welfare.

---

[1] Code § 63.2-1205 states:

> In determining whether the valid consent of any person whose consent is required is withheld contrary to the best interests of the child, or is unobtainable, the circuit court or juvenile and domestic relations district court, as the case may be, shall consider whether granting the petition pending before it would be in the best interest of the child. The circuit court or juvenile and domestic relations district court, as the case may be, shall consider all relevant factors, including the birth parent(s)' efforts to obtain or maintain legal and physical custody of the child; whether the birth parent(s) are currently willing and able to assume full custody of the child; whether the birth parent(s)' efforts to assert parental rights were thwarted by other people; the birth parent(s)' ability to care for the child; the age of the child; the quality of any previous relationship between the birth parent(s) and the child and between the birth parent(s) and any other minor children; the duration and suitability of the child's present custodial environment; and the effect of a change of physical custody on the child.

This Court concluded that "a trial court must make a detriment to the child determination, regardless of the language of the relevant statute, before entering an adoption order, in order to protect the Fourteenth Amendment rights of a nonconsenting biological parent." Id. at 790, 689 S.E.2d at 792.

In reaching its conclusion in this case, the trial court referred to this Court's ruling in Todd, and the requirements that the trial court has to determine:

> (1) . . . whether the Respondent is withholding his consent to this adoption contrary to the best interests of the child as set forth in § 63.2-1205 of the Code of Virginia, 1950, as amended, (2) . . . whether the petition for adoption before the Court is in the best interest of the child pursuant to the factors enumerated in § 63.2-1205 of the Code of Virginia, 1950, as amended, and (3) . . . whether it would be detrimental to the child to continue a relationship with the Respondent.

The trial court concluded that father was withholding his consent to the adoption, which was contrary to the best interests of the child. Then, the trial court went through the factors of Code § 63.2-1205 to illustrate that the petition for adoption was in the child's best interests. Finally, it made nine factual findings to support its ruling that it would be detrimental to the child to have a continued relationship with father.

Since the trial court's ruling, the Supreme Court of Virginia has issued its opinion in Copeland, 282 Va. __, 715 S.E.2d 11. The Supreme Court of Virginia acknowledged that "the Constitution requires more than a mere showing of the child's best interests to terminate parental rights." Id. at __, 715 S.E.2d at __. The Supreme Court of Virginia found that "Virginia's statutory scheme for adoption, including Code §§ 63.2-1205 and -1208, defines the best interests of the child in terms that require more expansive analysis than when the contest is between two biological parents." Id. at __, 715 S.E.2d at __. It concluded that "the Virginia statutory scheme" passes "constitutional due process scrutiny" because the statutes "provide for

- 4 -

consideration of parental fitness and detriment to the child," despite the fact that they do not include the phrase "detriment to the child." Id. at __, 715 S.E.2d at __.

In light of the decision in Copeland, we affirm the trial court's order granting the petition for adoption.

### Best interests of the child

Father argues that the trial court erred in finding that the adoption was in the child's best interests.

Code § 63.2-1205 lists the factors that a trial court shall consider in determining whether the adoption is in the child's best interests. Here, the trial court discussed each factor to show that the adoption was in the child's best interests. The trial court emphasized father's limited contact with the child and the fact that what visitation he did have was supervised. The trial court noted that father had not filed for custody or visitation prior to the adoption suit and was not seeking physical custody of the child. Meanwhile, the child was in an "excellent current environment" and any change would be "devastating."

Contrary to father's argument, the evidence supports the trial court's decision.[2] "Where the record contains credible evidence in support of the findings made by that court, we may not retry the facts or substitute our view of the facts for those of the trial court." Ferguson v. Stafford Cnty. Dep't of Soc. Servs., 14 Va. App. 333, 336, 417 S.E.2d 1, 2 (1992). Accordingly, the trial court did not err in finding that the adoption was in the best interests of the child.

---

[2] In addition, father asks this Court to adopt the reasoning in In Re: Rivera, 57 Va. Cir. 377 (2002), and find that the adoption was not in the child's best interests. We decline the invitation.

Detriment to the child

Father argues that the trial court erred in finding that a continued relationship between father and the child would be detrimental to the child.

In the final order of adoption, the trial court found that father was an "unfit" parent and found his credibility to be "questionable at best." To support its finding that it would be detrimental to the child to have a continued relationship with father, the trial court noted father's drug problems and criminal convictions. The trial court found that father had "no moral conscience" and had "nothing positive whatsoever" to teach the child.

"It is well established that the trier of fact ascertains a witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony." Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (*en banc*). Here, the trial court had the opportunity to hear from the parties, and it did not find father's testimony to be credible.

In his brief, father argues that his drug problems alone were not enough to support the adoption, and then, he argues that his criminal convictions alone were not enough to support the adoption. However, the trial court looked at the whole picture. When considering the totality of father's situation, including his history of drug abuse, his criminal convictions, his lack of stability, and his poor choices, the trial court did not err in finding that his relationship with the child would be detrimental.

According to the Supreme Court of Virginia, it was not necessary for the trial court to find that a continued relationship with the father would be detrimental to the child because the factors in Code § 63.2-1205 "focus on both the parent and child and therefore compel a court to consider whether a parent's unfitness would be harmful to the child's welfare." Copeland, 282

Va. at __, 715 S.E.2d at __ (citing Code § 63.2-1205). In this case, the trial court explained in detail its reasoning for granting the petition for adoption, and we affirm its ruling.

Attorney's Fees

Mother and stepfather requested that they be awarded their attorney's fees in defending this appeal. However, because this litigation "addressed appropriate and substantial issues," and "neither party generated unnecessary delay or expense in pursuit of its interests," Estate of Hackler v. Hackler, 44 Va. App. 51, 75, 602 S.E.2d 426, 438 (2004), we deny their requests for an award of attorney's fees and costs they incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.