COURT OF APPEALS OF VIRGINIA

Present:  Senior Judges Overton, Coleman and Willis

ROSCOE L. SIMPSON

v.        Record No. 0924-03-1

CAROL P. SIMPSON

MEMORANDUM OPINION*
PER CURIAM
NOVEMBER 25, 2003

FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Louis R. Lerner, Judge

(Roscoe L. Simpson, *pro se*, on brief).

No brief for appellee.

Roscoe L. Simpson (husband) appeals a final order of the trial court denying his motion

for relief and rehearing and to suspend court orders.  On appeal, husband raises six issues

concerning his military pension, the civil pension of Carol P. Simpson (wife), and the

distribution of property.  Wife has filed a motion to dismiss the appeal and a request for

attorney's fees.  Upon reviewing the record and briefs of the parties, we conclude that this appeal

is without merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule

5A:27.  We also deny wife's motion to dismiss and remand the matter to the trial court for a

determination of her attorney's fees.

The record shows that on October 30, 2001, husband filed, *pro se*, a "Motion for Relief

and to Suspend Court Orders."  The trial court denied appellant's motion by order entered on

November 16, 2001.  On September 5, 2002, husband, by counsel, filed a motion entitled

"Motion for Relief and Rehearing and to Suspend Court Orders," which raised the same issues as

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

the October 30, 2001 *pro se* motion. At a hearing held on February 14, 2003, husband's counsel moved to withdraw from the case, and he represented to the trial court that he had just learned that the trial court had decided "those issues at least twice" in the past. By order entered on March 16, 2003, the trial court denied husband's motion on the ground that the matters raised in the motion had been previously adjudicated. Husband appeals the trial court's decision to this Court.

The issues raised in appellant's September 5, 2002 motion had been previously litigated in the trial court, and they were addressed in the trial court's order entered on November 16, 2001, which husband did not appeal to this Court. "*Res judicata* precludes the re-litigation of a claim or issue once a final determination on the merits has been reached by a court having proper jurisdiction over the matter." Gottlieb v. Gottlieb, 19 Va. App. 77, 81, 448 S.E.2d 666, 669 (1994). Therefore, the trial court did not err in denying husband's September 5, 2002 motion on this ground. Furthermore, the March 16, 2003 trial court order, which appellant appeals in this case, does not substantively address husband's questions presented on appeal. Accordingly, we summarily affirm the trial court's decision.

Wife's motion to dismiss the appeal is denied. Upon consideration of the entire record in this case, we hold that wife is entitled to a reasonable amount of attorney's fees and costs, and we remand for the trial court to set a reasonable award of costs and counsel fees incurred in this appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).

Affirmed and remanded.