COURT OF APPEALS OF VIRGINIA


Present:   Judges Clements, Haley and Senior Judge Annunziata
Argued at Alexandria, Virginia


LOUIS JAMES CLEMENTE

                                                    MEMORANDUM OPINION* BY
v.        Record No. 2645-05-4            JUDGE ROSEMARIE ANNUNZIATA
                                                           JULY 25, 2006

ELLEN LOUISE CLEMENTE


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Dennis J. Smith, Judge

Christopher W. Schinstock (Kyle F. Bartol; Gannon & Cottrell, P.C.,
on briefs), for appellant.

Peter M. Fitzner (Matthews, Snider, Norton & Fitzner, on brief), for
appellee.


Louis James Clemente (husband) appeals the September 26, 2005 final decree awarding

him a divorce *a vinculo matrimonii* from Ellen Louise Clemente (wife).  On appeal, husband

contends the trial court erred in its interpretation of the parties' July 31, 2003 marital agreement.[1]

Both parties seek an award of attorney's fees and costs associated with this appeal.  For the

reasons that follow, we reverse the trial court's order.


---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The final decree of divorce from which husband appeals orders husband "to comply
with the terms as set forth in this court's ruling dated September 13, 2005, said ruling attached
hereto and incorporated herein *in haec verba*."  Although the transcript of the September 13,
2005 hearing is not physically attached to the final decree, our review of the record indicates the
court ordered husband to pay wife $100,000 pursuant to its interpretation of the parties'
agreement as articulated at the September 13, 2005 hearing.

BACKGROUND

We view the evidence, and all reasonable inferences flowing from the evidence, in a light most favorable to wife as the party prevailing below. Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 835 (2003). "That principle requires us to 'discard the evidence' of the appellant which conflicts, either directly or inferentially, with the evidence presented by the appellee at trial." Id. (quoting Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002)).

So viewed, the evidence proved the parties married on November 7, 1992. They entered into a marital agreement on July 31, 2003 and separated on August 13, 2004. During the divorce proceedings, the trial court found the agreement valid and enforceable, a ruling that is not challenged on appeal. Following a September 2005 hearing, the court concluded husband was required to pay wife $100,000 pursuant to paragraph 2(C)(v) of the agreement.

The parties' marital agreement specifically addressed the division of property upon separation in paragraph 2 which provides, *inter alia*, that all jointly titled property existing on the date of separation would be divided equally between the parties. Paragraph 2(C)(iv) addresses the treatment to be accorded separately titled property upon divorce as follows:

> All real property, accounts, or other assets with a title but which are not jointly titled, including but not limited to retirement plans, shall be the sole and separate property of the party in whose name title is held, with no claim or right in the other party and no division thereof.

The agreement specifically addresses husband's business assets, stating, in paragraph 2(C)(v):

> No matter how titled, the Wife shall have no interest in any business asset of the Husband, including but not limited to the stock of any corporation, LLC, or any other business entity or any interest in any partnership through which the Husband does business, unless the Wife is expressly granted stock ownership or a partnership interest therein. If the Wife does own an interest in any business of the Husband in her own name, upon divorce, she shall return that interest to the Husband immediately upon a

separation of the parties. *As consideration for the Wife's waiver and/or relinquishment of interest in any business asset of the Husband, the Husband shall, at the time of the separation as defined above, pay to the Wife, the sum of $100,000.00.*

(Emphasis added.)

Finally, Paragraph 3 of the agreement also provides:

Each party expressly waives the right to have their property and liabilities set forth in this Agreement divided or distributed under equitable distribution statutes, including but not limited to Virginia Code § 20-107.3 or successor, or any other regime under which property is divided upon divorce. In the event that the parties separate and/or divorce, then their rights to property and obligations upon debts will be only as set forth in this Agreement.

The trial court concluded the agreement obligated husband to pay wife $100,000 in exchange for her waiver of any rights or interests in his business assets. Husband appeals from that determination, contending that, since wife never acquired an interest in his business property, she was not entitled to the sum of $100,000. We agree.

ANALYSIS

A marital agreement is a contract between the parties, and their rights and obligations are defined under it. Pellegrin v. Pellegrin, 31 Va. App. 753, 759, 525 S.E.2d 611, 614 (2000) (citations omitted). We construe the document as a whole and give effect to all the language, if the contract's parts can be read together without conflict. See Berry v. Klinger, 225 Va. 201, 208, 300 S.E.2d 792, 796 (1983). In construing contract documents as a whole, the court will not treat any word or clause as meaningless if any reasonable interpretation consistent with the other portions of the contract can be ascribed to it. First American Bank v. J.S.C. Concrete Const., 259 Va. 60, 69, 523 S.E.2d 496, 501 (2000).

The agreement provides in general terms that all property titled jointly at the time of separation, as defined in the agreement, would be equally divided between the parties and that all

property not jointly titled would be the sole property of the party to whom it was titled at the time of separation.

The agreement, specifically, and as an exception to the general terms noted above, provides that "Wife shall have no interest in any business asset of the Husband . . . unless the Wife is expressly granted stock ownership or a partnership interest therein." The agreement further provides, that "[i]f the Wife does own an interest in any business of the Husband in her own name, upon divorce, she shall return that interest to the Husband immediately upon a separation of the parties." Only under those circumstances does the agreement require husband to pay wife the sum of $100,000 "[a]s consideration for the Wife's waiver and/or relinquishment of interest in any business asset of the Husband . . . ."

The parties agree that, at the time of their separation, wife had not acquired an interest in any of husband's businesses under paragraph 2(C)(v); she had acquired neither stock ownership nor a partnership interest at the time of the separation. Furthermore, in paragraph 3 of the agreement, wife expressly waived her right to claim an interest in husband's business assets pursuant to Code § 20-107.3. Thus, because wife had no interest in husband's business assets to waive or to relinquish at the time of the parties' separation, she was not entitled to the compensation provided in paragraph 2(C)(v). The trial court, therefore, erroneously required husband to pay wife in the amount of $100,000.

The agreement, read as a whole, supports the construction we place on the compensation provision. "'The tendency of the courts is to give to contracts life and virility by interpretation of their fair intendment . . . .'" Jennings v. Jennings, 12 Va. App. 1187, 1194, 409 S.E.2d 8, 13 (1991) (quoting Kiser v. Amalgamated Clothing Workers of America, 169 Va. 574, 590, 194 S.E. 727, 733 (1938)). "In doing so, 'all of the provisions of a contract should be construed

together.'" Id. (quoting Chantilly Constr. Corp. v. Dep't of Highways & Transp., 6 Va. App. 282, 293, 369 S.E.2d 438, 444 (1988)).

## ATTORNEY'S FEES

Both parties request costs and attorney's fees for matters relating to this appeal.

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear. The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). In this context, and upon consideration of the entire record in this case, we hold that neither party is entitled to costs or attorney's fees in the matter.

For the reasons stated in this opinion, we reverse the decision of the trial court.

Reversed.