UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges McCullough, Decker and Senior Judge Felton

PETER DONALD LOMMEN

MEMORANDUM OPINION[*]
v.     Record No. 0964-15-1                            PER CURIAM
DECEMBER 1, 2015

SHANNON NETTLES LOMMEN

FROM THE CIRCUIT COURT OF ISLE OF WIGHT COUNTY
Robert H. Sandwich, Jr., Judge

(Ashli B. Pack; Crook & Pack, on brief), for appellant.

(Sheera R. Herrell; Hofheimer Family Law Firm, on brief), for
appellee.

Peter Donald Lommen (husband) appeals an order denying his motion to amend spousal

support. Husband argues that the trial court erred by (1) denying his motion to terminate spousal

support because Shannon Nettles Lommen (wife) "has habitually cohabited with her paramour for a

period exceeding one year"; and (2) finding that the "agreement signed by these parties is a contract

which sufficiently defines the events that will terminate spousal support, therefore precluding the

application" of Code § 20-109(A). Upon reviewing the record and briefs of the parties, we

conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the

trial court. See Rule 5A:27.

BACKGROUND

Prior to their divorce, the parties entered into a property settlement agreement that

husband drafted. The agreement stated that husband was to pay $2,000 per month in spousal

support to wife until she remarried.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

In October 2014, husband filed a motion to amend spousal support. He alleged that wife was living with another man in a relationship analogous to marriage for two years and that wife and her paramour, Bowen Craft, have a child together. Husband argued that his spousal support obligation should terminate.

On May 1, 2015, the parties appeared before the trial court. Wife testified that she and Craft have been in a relationship for "[a] little over three years." They are not married. She admitted that she and Craft are parents to a daughter born in February 2014. Wife denied that Craft was living with them. She explained that he picks up their daughter from day care in the afternoon and brings her to wife's home while wife is at work. He stays until their daughter goes to bed, and then he goes home, which is approximately thirty-five minutes away from wife's home. Wife testified that Craft stays overnight at her house "[p]robably four times a month"; however, in 2013, he stayed with wife for "a couple of weeks" before the baby was born. He does not receive mail at her house. He does not keep any personal items at her house. Wife stated that Craft does not contribute toward her household bills, but he does pay her $800 per month as child support, which was not ordered by the court.

After hearing the evidence and argument, the trial court found that wife and Craft were not cohabiting, so it denied husband's motion to amend. This appeal followed.

ANALYSIS

*Assignment of error #1*

Husband argues that the trial court erred in denying his motion to amend spousal support because he contends the evidence proved that wife was habitually cohabiting with Craft for more than one year.

Code § 20-109(A) states, in pertinent part:

> Upon order of the court based upon clear and convincing evidence
> that the spouse receiving support has been habitually cohabiting

with another person in a relationship analogous to a marriage for one year or more commencing on or after July 1, 1997, the court shall terminate spousal support and maintenance unless (i) otherwise provided by stipulation or contract or (ii) the spouse receiving support proves by a preponderance of the evidence that termination of such support would be unconscionable.

The Court has delineated four factors necessary to prove that a party is cohabiting with another person in a relationship analogous to marriage: (1) a "common residence"; (2) "[i]ntimate or romantic involvement"; (3) "[t]he provision of financial support"; and (4) the "[d]uration and continuity of the relationship and other indicia of permanency." Pellegrin v. Pellegrin, 31 Va. App. 753, 764-66, 525 S.E.2d 611, 616-17 (2000). The Court further explained that "if two individuals do not share a common residence, they are not cohabiting." Cranwell v. Cranwell, 59 Va. App. 155, 162, 717 S.E.2d 797, 800 (2011).

The evidence proved that wife and Craft do not share a common residence. Craft may stay at her house a few nights a month, but he has his own house. He does not receive mail at wife's house. He does not keep any personal items at her house. He does not pay her bills, groceries, or utilities; however, he voluntarily provides her with $800 per month for child support for their daughter. The trial court concluded that, based on the evidence presented, husband did not prove that wife was cohabiting with Craft. Therefore, wife and Craft were not engaged in a relationship analogous to marriage.

Considering the record, the trial court did not err in denying husband's motion to amend spousal support.

*Assignment of error #2*

Husband argues that the trial court erred in finding that the "agreement signed by these parties is a contract which sufficiently defines the events that will terminate spousal support, therefore precluding the application" of Code § 20-109(A). Husband raises this issue for the first time on appeal. We "will not consider an argument on appeal which was not presented to the

- 3 -

trial court." <u>Ohree v. Commonwealth</u>, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998); <u>see</u> Rule 5A:18.

*Attorney's fees and costs*

Wife asks this Court to award her attorney's fees and costs incurred on appeal. <u>See</u> <u>O'Loughlin v. O'Loughlin</u>, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). On consideration of the record before us, we deny her request for an award of attorney's fees and costs she incurred on appeal.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed.[1] Rule 5A:27.

<u>Affirmed.</u>

---

[1] On September 24, 2015, wife filed a motion to dismiss the appeal and argued that husband failed to comply with Rules 5A:20(e) and 5A:25(d). On October 8, 2015, husband filed a response thereto. We deny wife's motion to dismiss.