COURT OF APPEALS OF VIRGINIA


Present:    Judges Elder, Haley and Senior Judge Annunziata
Argued at Alexandria, Virginia


THOMAS SHOEMAKER
                                        MEMORANDUM OPINION[*] BY
v.        Record No. 0512-06-4              JUDGE LARRY G. ELDER
                                            MARCH 27, 2007
MARY ANN KARAU


                    FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                            Arthur B. Vieregg, Judge

            Sharon Voyles Filipour (Kinsey, Lynch & Filipour, on briefs), for
            appellant.

            Elaine M. Vadas (Grenadier, Anderson, Simpson, Starace and
            Duffett, P.C., on brief), for appellee.


        Thomas Shoemaker (father) appeals from an order denying his petition for a change of

custody based on his allegations of a material change in circumstances since the court awarded

sole custody of his son to the child's mother, Mary Ann Karau (mother).  On appeal, father

contends the court erred in interpreting Code § 20-124.3:1 to require the exclusion of the

testimony of three therapists.  He contends the trial court compounded this error by allowing

mother to use the statute as "both a sword and a shield," by giving testimony herself about the

therapists and the parties' child while prohibiting father from calling the various therapists to

rebut mother's testimony.  Father also asks for an award of attorney's fees on appeal.  Mother

argues the court properly interpreted the statute but that, even if it did not, its erroneous

interpretation was harmless.  She requests an award of attorney's fees on appeal, and she asks

that father be "sanction[ed] . . . for his continued harassment" via the legal system.

_____
        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

We hold, based on our recent decision in <u>Rice v. Rice</u>, 49 Va. App. 192, 199-200, 638 S.E.2d 702, 706 (2006), that the trial court's interpretation of Code § 20-124.3:1 was correct.[1] We also hold that, to the extent the trial court's subsequent admission of the challenged portions of mother's evidence relating to the therapists and the child was error, that error was harmless. Thus, we affirm the trial court's ruling. Finally, we deny the parties' competing requests for attorney's fees and their motions in this Court for sanctions and for leave to file supplemental briefs.

I.

A.  PARENTAL PRIVILEGE

Father contends the trial court erroneously excluded the testimony of mother's individual therapist, the parties' communications therapist, and the child's therapist under Code § 20-124.3:1,[2] despite his proffer that he intended to ask the communications therapist and the child's therapist questions that related solely to father and the child and that he intended to call

---

[1] During the 2007 Session of the Virginia General Assembly, subsequent to the decision in <u>Rice</u>, the Senate Courts of Justice Committee considered a bill to repeal Code § 20-124.3:1. <u>See</u> Va. S.B. 737 (2007), Va. Gen. Assemb. Legis. Info. Sys., http://leg1.state.va.us/cgi-bin/legp504.exe?ses=071&typ=bil&val=sb737 (hereinafter Legis. Info. Sys. S.B. 737). Following testimony for and against the repeal, <u>see</u> Alan Cooper, <u>Ban on Therapist Testimony in Custody Cases Remains</u>, Va. Lawyers Weekly, Jan. 29, 2007, at 1, 22, the bill was defeated in committee by an evenly divided vote, <u>see</u> Legis. Info. Sys. S.B. 737. An amendment to the bill was subsequently proposed, but the bill's sponsor withdrew it, <u>see</u> <u>id.</u>, "rather than accept a substitute that he believed was worse than the law as it now stands," <u>see</u> Cooper, <u>supra</u>, at 1, and the committee unanimously approved the withdrawal, <u>see</u> Legis. Info. Sys. S.B. 737.

[2] Before the trial court ruled on the scope of the Code § 20-124.3:1 privilege and whether it would apply to testimony about the child that was not directly related to the non-consenting parent, mother, who had sole legal custody, declined to waive the child's privilege under Code §§ 8.01-399 and -400.2. The trial court then ruled that the savings clauses in those statutes applied, permitting the court, in the exercise of its discretion, to admit such testimony as "necessary to the proper administration of justice." <u>See</u> Code § 8.01-400.2; <u>see also</u> Code § 8.01-399; <u>Schwartz v. Schwartz</u>, 46 Va. App. 145, 152-54, 616 S.E.2d 59, 63-64 (2005) (discussing various statutory privileges). Thus, the trial court was squarely confronted with the issue of whether Code § 20-124.3:1 applied to bar testimony about the child.

mother's therapist only if necessary to rebut testimony from mother that she was in fact engaged in individual therapy.

Code § 20-124.3:1 provides in relevant part as follows:

> A. Notwithstanding any other provision of law, in any case in which custody or visitation of a minor child is at issue pursuant to § 20-124.2, . . . the records concerning a parent, kept by any licensed mental health care provider and any information obtained during or from therapy shall be privileged and confidential.
>
> B. In any case in which custody or visitation of a minor child is at issue pursuant to § 20-124.2, . . . a mental health care provider licensed in the Commonwealth may not be required to testify on behalf of or against a parent or any of the parent's adult relatives, and may do so only with the advance written consent of the parent.

This code section contains no language "requir[ing] that the parent must have been *a patient* in order to invoke the privilege." Schwartz v. Schwartz, 46 Va. App. 145, 156, 616 S.E.2d 59, 65 (2005) (emphasis added). It also "provides no exception permitting the trial court to order disclosure for the broad purpose of determining the best interest of the child." Id. at 158, 616 S.E.2d at 66.

We recently held in Rice that the statute applies when the testimony offered is merely adverse to a non-consenting parent's *position*, even if the testimony does not directly concern the non-consenting parent. See Rice, 49 Va. App. at 199-200, 638 S.E.2d at 706. Rice involved a dispute over grandparent visitation, in which the grandparents sought to offer testimony from the child's former therapist. Id. at 195, 638 S.E.2d at 704. Neither of the child's parents had given consent for the therapist to testify. Id. The child's guardian *ad litem* proffered "that the therapist would testify as to 'impressions about [the] child and statements that may have been made by the [mother].'" Id. at 200 & n.1, 638 S.E.2d at 706 & n.1. We noted the trial court's holding that the fact that the "grandparents offered [the therapist's] testimony . . . made it likely that the substance of the testimony would be adverse to mother's *position* in the case." Id. at 200, 638

- 3 -

S.E.2d at 706 (emphasis added). We affirmed the trial court's exclusion of *all* proffered testimony of the child's therapist, including not only "'statements that may have been made by the [mother]'" but also testimony as to "'impressions about [the] child.'" Id. at 199-200, 638 S.E.2d at 706. But see id. at 207, 638 S.E.2d at 710 (Clements, J., concurring in part and dissenting in part) (opining that, absent consent, Code § 20-124.3:1 bars "a mental health care provider who has been engaged to counsel a child from testifying about the child's parents and their adult relatives, but not from testifying about the child him- or herself").

Thus, pursuant to Rice, Code § 20-124.3:1 requires the exclusion of all testimony adverse to the position of the non-consenting parent. Here, mother refused to give written consent to have any of the therapists testify. Accordingly, we affirm the trial court's pretrial decision to exclude the testimony of mother's individual therapist, the parties' communications therapist, and the child's therapist under Code § 20-124.3:1.

### B. OTHER EVIDENTIARY RULINGS

Father contends that, even if the trial court properly applied Code § 20-124.3:1 to prevent him from calling the three therapists in his case-in-chief, mother "opened the door" to having father offer their testimony in rebuttal because she offered "inaccurate testimony" about the three therapists that father was entitled to impeach. To hold otherwise, father contends, would be to permit mother to use Code § 20-124.3:1 as both a shield and a sword.[3]

---

[3] We note that Code § 20-124.3:1 contains no exceptions to its provision that a mental health care provider called to offer evidence covered by the statute's terms may be "required to testify . . . only with the advance *written* consent of the parent." Code § 20-124.3:1(B) (emphasis added). Thus, assuming we find merit in father's "sword-versus-shield" argument, father's remedy would be to ask the court to exclude or strike mother's objectionable evidence, not to admit the therapist's testimony in contravention of the statute's requirement for written consent. Accordingly, for purposes of this analysis, we construe father's request as one to strike mother's evidence rather than to call the various therapists as rebuttal witnesses.

We acknowledge the general principle that a party should not be allowed to use a privilege as a shield to protect him from "'damaging communications while disclosing other selected communications because they are self-serving.'" Hoyas v. State, 456 So. 2d 1225, 1229 (Fla. Dist. Ct. App. 1984) (quoting Int'l Tel. & Tel. Corp. v. United Tel. Co. of Fla., 60 F.R.D. 177, 185 (M.D. Fla. 1973)) (involving attorney-client privilege); cf. Davis v. Davis, 233 Va. 452, 357 S.E.2d 495 (1987) (recognizing that privilege against self-incrimination is "intended solely as a shield" and that moving party may not use it "as a sword to sabotage any attempt by the other party . . . to obtain information relevant to the cause of action alleged[] and . . . to possible defenses to the claim"). However, we hold that if any such error occurred here, it was harmless. In Virginia, non-constitutional error is harmless "when it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached." Code § 8.01-678. "'"If, when all is said and done, [it is clear] that the error did not influence the [fact finder], or had but slight effect, . . . the judgment should stand . . . ."'" Schwartz, 46 Va. App. at 159, 616 S.E.2d at 66 (quoting Clay v. Commonwealth, 262 Va. 253, 260, 546 S.E.2d 728, 731-32 (2001) (quoting Kotteakos v. United States, 328 U.S. 750, 764-65, 66 S. Ct. 1239, 1248, 90 L. Ed. 2d 1557, 1566-67 (1946))).

### 1. Mother's Therapy

Father contends the trial court erred in allowing mother to testify that she was undergoing individual therapy with Roselyn Silverstone, recommended as part of the parties' communications therapy, without allowing father a chance to call Silverstone to rebut that testimony. Father also contends the court erred in allowing mother to testify that Dr. Alan McFarland approved of the parties communicating about their son via e-mail in lieu of participating in regular, face-to-face communications therapy. Assuming without deciding the trial court committed error, the error was harmless under the facts of this case. Even with

mother's testimony and absent the opportunity for rebuttal that father sought, the trial court found the evidence "was sufficient to demonstrate that [mother] had passively thwarted [the court's] directive [regarding communications therapy] and was uncooperative in conferring with Dr. McFarland," and it "did not find [mother's] testimony to the contrary to be persuasive." Thus, the court's consideration of mother's challenged testimony, if error, was harmless. It did not affect the trial court's conclusion that mother's failure to cooperate with communications therapy did not warrant an alteration in the terms of custody.

## 2. Child's Therapy and Condition

Father also contends the trial court erred in allowing testimony from mother and mother's witness concerning the child while simultaneously excluding testimony from the child's therapist.

Father challenges the court's ruling allowing mother to testify the child was being treated for anxiety. If allowing this testimony was error, the error was harmless. The trial court specifically found during the prior hearing that Cheryl Wietz, the child's therapist, saw the child due to anxiety. Also, father specifically proffered prior to trial that if he called Wietz to testify, he believed she would say that the child "continues to suffer anxiety related to his parent's [sic] poor communication."

Father also contends the court erred in allowing mother to testify that, in mother's opinion, the child's anxiety was decreasing. Father contended he should have been allowed to call Wietz to rebut this testimony. Allowing mother to testify to her own opinion regarding the child's anxiety did not constitute allowing her to use Code § 20-124.3:1 as both a sword and a shield. Mother did not testify that *Wietz* opined the child's anxiety was decreasing, only that she, mother, believed it was decreasing. Father could have offered his own opinion testimony about the child's anxiety level and what he personally had observed about the child's anxiety.

Father also contended the court erred in allowing mother to testify that the child called her house "the happy house" and allowing mother's friend, who was the child's caregiver on Monday afternoons, to testify that the child became more "clingy" after learning father had filed a petition for a change in custody. Again, this testimony was based on mother's and her friend's purported observations, not testimony about anything Wietz said. Although Wietz's testimony might have been helpful in father's efforts to rebut it, neither mother's nor her friend's observations about the child's statements or behavior "opened the door" to Wietz's testimony.

## C. PRETRIAL MOTIONS AND REQUESTS FOR ATTORNEY'S FEES AND SANCTIONS

The parties have filed competing requests for attorney's fees on appeal. We decline those requests.

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear. The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). In this context, and upon consideration of the record in this case, we hold an award of fees is not warranted. Although mother prevailed on appeal, the primary issue in dispute on appeal concerned the scope of the therapist "privilege" in Code § 20-124.3:1, an issue that remained unsettled until the release of our decision in Rice on December 28, 2006, well after the perfection of father's appeal and the completion of briefing. Further, although a careful reading of the opinion in Rice shows a majority of the panel validated the interpretation of Code § 20-124.3:1 that mother advanced and the trial court adopted in this proceeding, the trial court specifically stated that its decision was not free from doubt, and the accuracy of this observation was reinforced by the fact that Rice, the first appellate court decision to pass on this particular aspect of Code § 20-124.3:1, was not unanimous. Given that reasonable jurists differed on the proper resolution of the issue, we

- 7 -

conclude father's appeal of the trial court's ruling on the scope of Code § 20-124.3:1 was not frivolous and does not warrant an award of attorney's fees or the imposition of sanctions. See Estate of Hackler v. Hackler, 44 Va. App. 51, 75, 602 S.E.2d 426, 438 (2004) ("[W]e find the litigation addressed appropriate and substantial issues and that [husband did not] generate[] unnecessary delay or expense in pursuit of [his] interests.").

For similar reasons, we deny mother's motion for sanctions, the parties' competing requests to respond to what each alleges are factual inaccuracies and personal attacks contained in the other's briefs and motions, and motions to dismiss various filings. As an appellate court, we act based on our determinations regarding the law, the trial court record and the arguments of counsel to the extent they are properly supported by the law and the record. Domestic cases are often contentious, even on appeal, and although we maintain the right to enforce our rules and preserve the dignity of the court, see Code § 17.1-404 ("The Court of Appeals shall have authority to punish for contempt."); see also Yarborough v. Commonwealth, 258 Va. 347, 361, 519 S.E.2d 602, 608 (1999) (recognizing "inherent authority [of court] to administer cases on its docket"), we see no need to dismiss filings or impose any other sanctions in order to do so on the facts of this case.

## II.

For these reasons, we hold that the trial court's interpretation of Code § 20-124.3:1 was correct. We also hold that, to the extent the trial court's subsequent admission of the challenged portions of mother's evidence relating to the therapists and the child was error, that error was harmless. Thus, we affirm the trial court's ruling. Finally, we deny the parties' competing requests for attorney's fees, sanctions and leave to file supplemental briefs.

Affirmed.