COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Russell and Senior Judge Frank

GUY FERRANTE

v.      Record No. 1997-14-4

MARY JO KRIST

MEMORANDUM OPINION[*]
PER CURIAM
APRIL 28, 2015

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
John M. Tran, Judge

(Guy Ferrante, *pro se*, on brief).

(Bruce M. Blanchard; Leigh M. Winstead; Odin, Feldman &
Pittleman, P.C., on brief), for appellee.

Guy Ferrante appeals from two orders entered by the circuit court on May 23, 2014. The

crucial one is a show cause order incarcerating him until he paid Mary Jo Krist's attorney's fees as

directed in the circuit court's November 1, 2013 and April 18, 2014 orders. Ferrante argues that the

circuit court erred by (1) "adopting" Krist's written statement of facts because it was "inaccurate,

incomplete, and irrelevant to the instant appeal;" (2) imposing an "excessive" $5,000 sanction

against Ferrante when he was hospitalized, which violated his due process rights; (3) "enforcing an

illegally imposed $5,000+ sanction that was also on appeal to the Supreme Court at the time;" and

(4) imposing and enforcing an additional sanction because "the ostensibly 'offending' fourth motion

included issues that had not been resolved . . ., as well as constitutional issues that had not . . . been

addressed in [the] . . . earlier proceeding[s]." Upon reviewing the record and briefs of the parties,

we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of

the circuit court. See Rule 5A:27.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

On November 1, 2012, the circuit court entered a protective order against Ferrante. Since the entry of the protective order, Ferrante filed four motions to dissolve the protective order. The trial court denied each of his motions, and on November 1, 2013, it awarded $5,000 to Krist for her attorney's fees and costs. Ferrante did not appeal the November 1, 2013 order.

On March 11, 2014, the circuit court issued a rule to show cause against Ferrante for his failure to pay the $5,000 sanctions imposed on November 1, 2013. On March 28, 2014, the circuit court granted the rule to show cause and continued the matter to April 18, 2014 for Ferrante to pay the $5,000 previously ordered. If he did not pay, then he would be ordered to pay Krist's additional attorney's fees and costs. On April 18, 2014, the parties appeared before the circuit court. Ferrante had not paid the $5,000 owed to Krist, so the trial court awarded Krist $2,244.50 for her attorney's fees and costs incurred in bringing forth the rule to show cause. The matter was continued to May 23, 2014 for Ferrante to purge himself.

On May 23, 2014, the parties appeared before the circuit court. Ferrante still had not made any payments to Krist. The circuit court remanded Ferrante to the custody of the sheriff until he paid the $7,244.50 he was ordered to pay. This appeal followed.[1]

ANALYSIS

*Assignment of error #1*

Ferrante argues that the circuit court erred by "adopting" Krist's written statement of facts, as opposed to his statement of facts. On July 17, 2014, Ferrante filed his written statement of facts. On July 30, 2014, Krist filed her objections to Ferrante's statement of facts and filed her proposed written statement of facts. On August 6, 2014, Ferrante filed an objection to

---

[1] On May 27, 2014, Ferrante purged himself by paying the ordered sum and was released from custody.

Krist's statement of facts. On August 11, 2014, the circuit court entered an order adopting Krist's statement of facts and making several corrections and additions.

Ferrante acknowledges that he did not object to the circuit court's written statement of facts. He states that he "had no opportunity to register a timely objection because the trial court did not provide the notice and hearing . . . before its wholesale substitution of one Statement of Facts for another."

Rule 5A:18 states, "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." "The good cause exception is applied when an appellant did not have the opportunity to object to an alleged error during the proceedings below." Flanagan v. Commonwealth, 58 Va. App. 681, 694, 714 S.E.2d 212, 218 (2011). Code § 8.01-384(A) states, in relevant part, that "if a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection shall not thereafter prejudice him . . . on appeal." See also Commonwealth v. Amos, 287 Va. 301, 754 S.E.2d 304 (2014); Maxwell v. Commonwealth, 287 Va. 258, 754 S.E.2d 516 (2014).

Assuming without deciding that the good cause exception applies to Ferrante's failure to object to the circuit court's statement of facts, the circuit court did not err in adopting and modifying Krist's statement of facts. Krist objected to Ferrante's written statement of facts and proffered her own statement of facts. Ferrante submitted objections to Krist's proposed statement of facts. Pursuant to Rule 5A:8(d), a party may object to the written statement of facts, and the trial court shall:

> (1) overrule the objection; or
>
> (2) make any corrections that the trial judge deems necessary; or
>
> (3) include any accurate additions to make the record complete; or

- 3 -

(4) certify the manner in which the record is incomplete; and

(5) sign the transcript or written statement.

The circuit court did not err in sustaining Krist's objections to Ferrante's proposed statement of facts and adopting Krist's proposed statement of facts with corrections and modifications. The trial court's actions were within the authority granted it by subparts (2) and (3) of Rule 5A:8(d).

### *Assignment of error #2*

Ferrante argues that the circuit court abused its discretion in imposing a $5,000 sanction against him in its November 1, 2013 order. Ferrante contends he was unable to attend the November 1, 2013 hearing because he was recovering from knee surgery. He asserts that the circuit court acted *ex parte* and violated his due process rights. However, Ferrante did not appeal the November 1, 2013 order.

"All final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." Rule 1:1.

Since Ferrante did not appeal the November 1, 2013 order, that order is final and no longer subject to review.

### *Assignment of error #3*

Appellant argues that the circuit court erred "by enforcing an illegally imposed $5,000+ sanction that was also on appeal to the Supreme Court at the time." On March 28, 2014, the circuit court granted Krist's rule to show cause and ordered Ferrante to pay, within fifteen days, the $5,000 awarded to Krist in the November 1, 2013 order. The March 28, 2014 order specifically states that the "[b]asis for today's ruling was that the Nov. 1, 2013, order was final

- 4 -

and appealable." However, Ferrante did not appeal the November 1, 2013 order. Thus, Rule 1:1 bars this Court's consideration of assignment of error 3. See Rule 1:1.[2]

*Assignment of error #4*

Ferrante argues that the circuit court abused its discretion in imposing $2,058.58 in sanctions after it denied his fourth motion. He contends he filed the fourth motion because the court had not decided the merits of his arguments in prior motions. He asserts he was penalized for not prosecuting his cause when he was hospitalized and penalized again when he was able to come to court. The court ordered an additional $2,058.58 in attorneys' fees as a sanction in its February 21, 2014 order. As mentioned above, Ferrante appealed that order to the Supreme Court of Virginia, which subsequently dismissed the appeal for failure to timely file a petition for appeal. The order is final, and this Court will not reconsider the issue. See Rule 1:1.

*Attorney's fees and costs*

Krist asks this Court to award her attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Having reviewed and considered the entire record in this case, we hold that Krist is entitled to a reasonable amount of attorney's fees and costs, and we remand for the circuit court to set a reasonable award of attorney's fees and costs incurred by her in this appeal.

CONCLUSION

For the foregoing reasons, the circuit court's ruling is summarily affirmed. Rule 5A:27. We remand this case to the circuit court for determination and award of the appropriate appellate

---

[2] Ferrante appealed the February 21, 2014 order to the Supreme Court of Virginia. That February 21, 2014 order denied his fourth motion to dissolve the protective order and awarded $2,058.58 in attorney's fees to Krist. (The Supreme Court of Virginia subsequently dismissed the appeal.) However, the circuit court's March 28, 2014 order concerned the November 1, 2013 order—not the February 21, 2014 order that was on appeal to the Supreme Court.

attorney's fees and costs, which also should include any additional attorney's fees and costs incurred at the remand hearing.

<u>Affirmed and remanded.</u>