UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Russell and AtLee
Argued at Fredericksburg, Virginia

OREL JORDAN CHOLLETTE

MEMORANDUM OPINION[*] BY
v. Record No. 0018-15-4 JUDGE RICHARD Y. ATLEE, JR.
OCTOBER 6, 2015

ROBERT KEELING AND
 KRISTIN KEELING

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Jan L. Brodie, Judge

Sequitta Banks (B & B Law Group, PLC, on briefs), for appellant.

Monica Taylor Monday (Stanton Phillips; Gentry Locke Rakes &
Moore LLP; Goldenberg & Phillips, PC, on brief), for appellees.

Orel Jordan Chollette appeals an order denying his request to intervene in an adoption

proceeding. Chollette argues that the circuit court erred by: (1) finding that he had no standing

to intervene as a party in the adoption proceeding pursuant to Code § 63.2-1211; (2) finding that

he received notice of the adoption proceedings and the existence of the Virginia Putative Father

Registry; (3) failing to find a violation of his due process rights to notice and an opportunity to

be heard in the adoption proceeding; and (4) preventing him from challenging the final order of

adoption or presenting evidence to support his appeal of the final order of adoption. We cannot

reach Chollette's constitutional challenges, as the evidence before this Court fails to establish his

paternity. Accordingly, Chollette has neither standing to intervene nor a right to withhold his

consent to the adoption.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. BACKGROUND

This matter concerns the private adoption of an infant who has lived with his adoptive parents, Robert and Kristin Keeling, since his release from the hospital on April 17, 2014. The birth mother identified Chollette as the putative father. She obtained counsel and arranged for the child's adoption, over Chollette's objections. In January 2014, over the telephone, she requested Chollette's address, which he provided. She gave this information to her attorney, who sent notice of adoption proceedings and information on the Virginia Putative Father Registry via United States Postal Service certified mail to the address provided. The letter was returned as "Attempted-Not-Known."

The child was born on April 15, 2014. On April 25, 2014, the Fairfax County Juvenile and Domestic Relations District Court ("JDR court") entered an order accepting the birth mother's consent to the adoption and transferring legal custody of the child to the Keelings. The JDR court identified Chollette as the putative father and found that he received adequate notice of the adoption proceedings and Virginia Putative Father Registry. The JDR court determined that Chollette had not registered with the Virginia Putative Father Registry and that the statutory window for him to do so had expired. The JDR court also found that Chollette was not an acknowledged father pursuant to Code § 20-49.1, not an adjudicated father pursuant to Code § 20-49.8, and not a presumed father pursuant to Code § 63.2-1202(D). Accordingly, it concluded that his consent to the adoption was not required. The adoption proceeded to the circuit court. On May 8, 2014, the circuit court entered an interlocutory order of adoption.[1]

---

[1] On June 12, 2014, Chollette appealed the interlocutory order of adoption to this Court and requested access to the case record. On March 4, 2015, this Court found that Chollette lacked standing to appeal because he was not a party to the proceeding. See In re Orel Jordan Chollette, No. 1103-14-4 (Va. Ct. App. Mar. 4, 2015).

On September 3, 2014, Chollette filed in the circuit court a "Request for Leave to Intervene" in the adoption proceeding. He alleged first that he did not receive the requisite notice of the adoption proceeding, and second that he did register with the Virginia Putative Father Registry. He asked the circuit court to stay the adoption proceeding and allow him access to the record. In response, the Keelings filed a plea in bar and argued that Chollette had no standing to intervene in the adoption case because the JDR court found that he was neither a registered putative father, an acknowledged father, an adjudicated father, nor a presumed father.

On October 10, 2014, the circuit court entered the final order of adoption. On November 21, 2014 and December 5, 2014, the circuit court held hearings on Chollette's request to intervene and the Keelings' plea in bar. On December 5, 2014, the circuit court entered an order stating that Chollette lacked standing to intervene in the adoption proceeding and dismissed his request for leave to intervene. Chollette filed a motion for reconsideration, which the circuit court denied. This appeal followed.

## II. PUTATIVE FATHERS IN ADOPTION PROCEEDINGS

A man who claims to be the biological father has standing to participate in adoption proceedings in only four scenarios: (1) if the parents acknowledge paternity under Code § 20-49.1, (2) if paternity is adjudicated under Code § 20-49.8, (3) if he is a presumed father under Code § 63.2-1202(D), or (4) if the father is registered as a putative father. Code § 63.2-1202(C); see Code § 63.2-1249 to -1253 (Putative Father Registry). Only registration as a putative father is at issue in this matter.

"In the event that the identity and whereabouts of the birth father are reasonably ascertainable, written notice of the existence of an adoption plan and the availability of registration with the Putative Father Registry shall be provided by personal service or by certified mailing to the man's last known address," at which point he has ten days in which to

register. Code § 63.2-1250. If the putative father does not register before the ten days elapse, the parties to the adoption do not need to seek his consent.

### III. CHOLLETTE'S STANDING TO INTERVENE

We face significant constraints in our review. This Court is deprived of the benefit of a complete evidentiary record, and the posture of the case precludes any inquiry beyond whether Chollette had standing to intervene. To have standing, he needed either to be acknowledged, adjudicated, presumed, or registered as a putative father. The first three categories are all legal terms of art—the fact that the birth mother merely identified him as the father satisfies none of these definitions, and fails to vest him with the rights of a birth father. Chollette did not register as a putative father before the deadline for doing so expired. Although he never received the documents mailed to provide notice of the "existence of an adoption plan and the availability of registration with the Putative Father Registry," the statute specifically states that mailing, not receipt, triggers the ten-day deadline to register, nor does it impose any receipt requirements. Moreover, Chollette had actual notice of both the adoption plan and availability of the Registry before the deadline passed. He failed to take the necessary actions to assert his status as the child's father with the urgency the General Assembly requires in these circumstances. In short, because the record before us fails to establish his paternity, we cannot say that the circuit court committed reversible error in denying his motion to intervene.

### IV. CONCLUSION

For the foregoing reasons, we affirm the trial court's denial of Chollette's motion to intervene. On consideration of the record before us, we deny appellees' request of an award of attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).

Affirmed.