COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Chaney, White and Senior Judge Annunziata
Argued at Fairfax, Virginia


JAMES VEGA, ET AL.

MEMORANDUM OPINION* BY
v.      Record No. 1608-22-4      JUDGE ROSEMARIE ANNUNZIATA
MAY 21, 2024

KATRYN NAOMI VEGA, ET AL.


FROM THE CIRCUIT COURT OF LOUNDON COUNTY
James P. Fisher, Judge

(Cheryl K. Graham; Jason C. Knoster; Elizabeth S. Vaughan;
Graham Law Firm, PLLC, on brief), for appellants.  Appellants
submitting on brief.

Chandra A. Sheppard (Stephanie M. Sauer; Alexander E. Morgan,
Guardian ad litem for the minor child; The Geller Law Group,
PLLC; Hartsoe & Morgan, P.L.L.C.; on brief), for appellee Katryn
Naomi Vega.

No brief or argument for appellees Mark Reese Weldon, Jr. and
Joan Weldon.


James and Katryn Andree Vega (grandparents) appeal the circuit court's order granting

Katryn Naomi Vega (mother), Mark Reese Weldon, Jr. and Joan Weldon's (paternal grandparents)

plea in bar in an adoption case.  On appeal, grandparents challenge the circuit court's construction

of Code § 63.2-1242.3.  For the following reasons, this Court finds that because the circuit court had

jurisdiction to proceed with the adoption petition, it erred in sustaining the plea in bar.  Accordingly,

the circuit court's order sustaining the plea in bar is reversed and this matter is remanded for further

proceedings.

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

BACKGROUND[1]

Grandparents are the maternal grandparents of the child who is the subject of this appeal; they obtained custody of the child following his birth in 2013. In October 2021, grandparents petitioned to adopt the child under Code § 63.2-1242.3, which governs close relative adoptions. After grandparents filed the adoption petition in the circuit court, mother and paternal grandparents each filed motions in the Loudoun County Juvenile and Domestic Relations District Court (JDR court) to amend an existing custody and visitation order.[2] Grandparents filed a cross motion to modify visitation. On July 29, 2022, the JDR court granted joint legal custody to mother and paternal grandparents and primary physical custody to paternal grandparents. The child entered paternal grandparents' custody on July 30, 2022.

Following the JDR court's order, mother and paternal grandparents filed a joint plea in bar in the circuit court adoption case. Mother and paternal grandparents moved to dismiss grandparents' adoption petition because as of the date of the hearing, the child was not living with grandparents and therefore they had not had custody of him for two continuous years.

In their response to the plea in bar, grandparents stated that the child had continuously lived with them for more than two years before they filed the adoption petition, as they argued Code § 63.2-1242.3 required, and they were "the only primary parenting figures the child ha[d] ever known." Grandparents alleged that Code § 63.2-1242.3 was "clear on its face that the two years" the statute references was "the two years immediately preceding the filing of the adoption petition."

Grandparents also argued that the JDR court's custody and visitation order should not impact their adoption petition because "[t]he law makes clear that adoption proceedings are separate

---

[1] The record in this case was sealed. We unseal only the information contained in this opinion as necessary to address the issues the parties have raised. The rest of the record remains sealed. *Mintbrook Devs., LLC v. Groundscapes, LLC*, 76 Va. App. 279, 283 n.1 (2022).

[2] The child's biological father is deceased.

- 2 -

from custody determinations and proceed under a distinct statutory scheme." Grandparents contended that the JDR court did "not make a ruling with respect to the best interests factors for adoption in this matter, but in fact it lacked jurisdiction to do so." Further, grandparents asserted that the circuit court had exclusive jurisdiction to decide a close relative adoption where the child has lived in the adoptive home for two years or more. As such, grandparents concluded, the JDR court's "finding of custody ha[d] no bearing on" the adoption proceeding, and the circuit court was "obligated to take evidence on the best interests of the child under the statutory scheme for adoption." Grandparents asked the circuit court to overrule the plea in bar.

At a hearing on the plea in bar, mother, paternal grandparents, and the child's guardian ad litem argued that Code § 63.2-1242.3 required grandparents to maintain continuous physical custody of the child both before the filing of their petition *and* throughout the pendency of the adoption proceeding. Grandparents, however, maintained that the statutory two-year period contemplated only the two years before the petition for adoption is filed and that mother and paternal grandparents were adding procedures that the statute did not impose. After considering the parties' arguments, the circuit court sustained the plea in bar and dismissed grandparents' adoption petition. Grandparents timely noted an appeal.

In their sole assignment of error, grandparents challenge the circuit court's construction of Code § 63.2-1242.3. Grandparents assert that the circuit court incorrectly held that "in a close-relative adoption, the child must have been living with the petitioner for the two years immediately preceding trial." Grandparents argue that the plain language of Code § 63.2-1242.3 "itself suggests that the two-year period referenced is the two years immediately preceding the filing of the adoption petition."

ANALYSIS

"A plea in bar asserts a single issue, which, if proved, creates a bar to a plaintiff's recovery." *Cornell v. Benedict*, 301 Va. 342, 349 (2022) (quoting *Massenburg v. City of Petersburg*, 298 Va. 212, 216 (2019)). "[A] plea in bar does not point out the legal insufficiency of allegations but rather demonstrates their irrelevance because of some other dispositive point— usually some affirmative defense such as the 'statute of limitations, res judicata, collateral estoppel by judgment, accord and satisfaction, or statute of frauds.'" *California Condo. Ass'n v. Peterson*, 301 Va. 14, 20 (2022) (quoting *Our Lady of Peace, Inc. v. Morgan*, 297 Va. 832, 847 n.4 (2019)). "The standard of review on appeal when considering a plea in bar is 'functionally de novo' when the appellate court must consider solely the pleadings to resolve the issue presented." *Plofchan v. Plofchan*, 299 Va. 534, 547 (2021) (quoting *Massenburg*, 298 Va. at 216). "When the circuit court takes no evidence on the plea in bar, we accept the plaintiff's allegations in the complaint as true." *Id.* at 547-58.

Grandparents filed a petition for close relative adoption under Code § 63.2-1242.3. Code §§ 63.2-1242.1 to -1242.3 govern close relative adoptions, which include "an adoption by the child's grandparent[s]." Code § 63.2-1242.1(A). Close relative adoptions are divided into two categories based on whether the child has "continuously resided in the home or has been in the continuous physical custody" of the prospective adoptive parents for less than or more than two years. *See* Code §§ 63.2-1242.2 and -1242.3. When "the child has continuously resided in the home or has been in the continuous physical custody of the prospective adoptive parent(s) who is a close relative for less than two years," Code § 63.2-1242.2 controls and requires the proceeding to be in the JDR court.

But when, as here, the child has continuously resided with the prospective adoptive parents for two or more years, Code § 63.2-1242.3 controls. "[T]his statute has the fewest

- 4 -

procedural requirements for a child adoption proceeding under Chapter 12, with most of those requirements variously mandated for the other forms of child adoption having been removed." *T.S.G. v. B.A.S.*, 52 Va. App. 583, 593 (2008). Among other things, it requires the petitioners to institute the adoption proceeding directly in the circuit court. Code § 63.2-1242.3 provides, in relevant part:

> When the child has continuously resided in the home or has been in the continuous physical custody of the prospective adoptive parent(s) who is a close relative for two or more years, the parental placement provisions of this chapter shall not apply and the adoption proceeding shall commence in the circuit court.

Under this section, adoptions may proceed, in the circuit court's discretion, without an investigation and a report. Code § 63.2-1242.3. The code section also gives the circuit court the discretion to "omit the probationary period and the interlocutory order and enter a final order of adoption when the court is of the opinion that the entry of an order would otherwise be proper." *Id.* Moreover, the circuit court could "waive appointment of a guardian ad litem for the child." *Id.*

The parties agree that grandparents lost custody of the child on July 30, 2022; they disagree over the legal consequences of the change in custody. Grandparents argue that because they had continuous custody of the child for more than two years at the time of filing, the circuit court maintained jurisdiction to proceed with the adoption petition, and it thus erred in sustaining the plea in bar. Grandparents ask this Court to remand the matter for the circuit court to conduct a trial on the merits of the adoption petition.

Mother does not dispute that, because grandparents properly filed the petition in the circuit court under Code § 63.2-1242.3, the circuit court retained jurisdiction over the matter, even after grandparents lost custody of the child. Indeed, the circuit court's jurisdiction, once properly invoked, as it was here when grandparents filed the petition, is not lost because a part of

the claim on which it was based is later found to lack merit. *See E.C. v. Virginia Dep't of Juvenile Justice*, 283 Va. 522, 527-28 (2012) ("[I]t is axiomatic that when a court acquires jurisdiction of the subject matter and the person, it retains jurisdiction until the matter before it has been fully adjudicated." (alteration in original) (quoting *Laing v. Commonwealth*, 205 Va. 511, 514 (1964))); *see also Szemler v. Clements*, 214 Va. 639, 642-43 (1974) (holding that the mother's revocation of prior valid consent to adoption was ineffective to divest the circuit court of jurisdiction to proceed with the adoption petition under Code § 63.1-225).

Mother argues, however, that "the ability to commence an action does not imply the ability to maintain and succeed in that action." Mother contends that Code § 63.2-1242.3 required grandparents to maintain continuous custody of the child throughout the pendency of the matter, and that because they failed to do so, the circuit court properly sustained the plea in bar.

We disagree with mother's argument. "When the language of a statute is unambiguous, we are bound by the plain meaning of that language. Furthermore, we must give effect to the legislature's intention as expressed by the language used unless a literal interpretation of the language would result in a manifest absurdity." *Aufforth v. Aufforth*, 72 Va. App. 617, 625 (2020) (quoting *Shifflett v. Latitude Props., Inc.*, 294 Va. 476, 483 (2017)). "Further, '[t]his Court may not read into a statute language that the legislature chose not to include.'" *Id.* (alteration in original) (quoting *Wardell Orthopaedics, P.C. v. Colonna's Shipyard, Inc.*, 72 Va. App. 296, 304 (2020)). Code § 63.2-1242.3 expressly states that the adoption proceeding shall *commence* in the circuit court when the child had continuously resided with the petitioner for two or more years. It does not state that failure to maintain "continuous physical custody" throughout the pendency of the adoption petition imposes an absolute legal bar to the circuit court's ability to adjudicate the adoption petition once the circuit court had jurisdiction. We conclude that had the

legislature required continuous physical custody throughout the pendency of the petition, it would have plainly done so.

Importantly, although Code § 63.2-1242.3 dispenses with many ordinary adoption procedures in light of the child's extensive time with the prospective adoptive parents, the Code still gives the circuit court significant discretion to utilize such procedures in adjudicating the adoption petition. Because we find that the circuit court maintained jurisdiction to adjudicate the adoption petition, and the grandparents' loss of custody during the pendency of the petition did not create an absolute legal bar to the action, we hold the circuit court erred in sustaining the plea in bar. As the circuit court erroneously dismissed this case, it did not reach the merits of grandparents' adoption petition. While we offer no opinion on the outcome of the adoption petition, we reverse the circuit court's ruling sustaining mother and paternal grandparents' plea in bar and remand for further proceedings.

Finally, mother requests an award for costs incurred on appeal. *See* Rule 5A:30(b); *O'Loughlin v. O'Loughlin*, 23 Va. App. 690, 695 (1996). "The decision of whether to award attorney[] fees and costs incurred on appeal is discretionary." *Koons v. Crane*, 72 Va. App. 720, 742 (2021) (quoting *Friedman v. Smith*, 68 Va. App. 529, 545 (2018)). Considering the record before us, we deny mother's request.

CONCLUSION

For the reasons stated above, we reverse the circuit court's ruling sustaining mother and paternal grandparents' plea in bar and remand for further proceedings.

*Reversed and remanded.*